JOHN T. GORMAN
Federal Public Defender
District of Guam

RICHARD P. ARENS
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone:   (671) 472-7111
Facsimile:    (671) 472-7120

Attorney for Defendant
EUN YOUNG LEE

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) CR-08-00004 |
|---|---|
| Plaintiff, | ) MOTION TO REVIEW ORDER OF |
| | ) DETENTION |
| vs. | ) |
| EUN YOUNG LEE, | ) |
| Defendant. | ) |

COMES NOW the defendant, EUN YOUNG LEE, through counsel, Richard P. Arens, Assistant Federal Public Defender, and moves this Honorable Court to review and modify the Order of Detention issued by the Honorable Joaquin V.E. Manibusan, Jr., U.S. Magistrate. This motion is brought pursuant to 18 U.S.C §3145(b) and the attached memorandum.

**MEMORANDUM**

I.   **THE FACTS**

On January 23, 2008, Ms Lee was charged with 6 counts of Criminal Conspiracy and

17 counts of Fraud Concerning Identification Documents. The charges allege that Ms. Lee conspired with others to unlawfully obtain driver's licenses using false Taxpayer Identification Numbers. The indictment was not sealed and listed all recipients of the alleged fraudulently obtained licences.

On March 14, 2008, the government filed a motion to revoke Ms. Lee's pretrial release. The government claimed that Ms. Lee had contacted one of the individuals she assisted in obtaining a license. (Exhibit A). At the revocation hearing, the government additionally claimed Ms. Lee processed an individual through the airport check-in while working as a ticket agent for Continental Airlines. The government also alleged that Ms. Lee assisted this person in obtaining a license. After the hearing, Ms. Lee was ordered detained without bail pending trial.

In its order, the judge found "there was probable cause to believe that, while on release, the defendant committed a federal felony, and that a rebuttable presumption arises that no condition or combination of conditions will assure that the defendant will not pose a danger to the safety of any other person or the community." The court found that the defendant failed to rebut the presumption. Finally, the court found that "even had the defendant rebutted said presumption, no condition or combination of conditions would reasonably ensure that the defendant would not again commit the acts which formed the basis for the revocation." (Exhibit B).

Ms. Lee respectfully submits that the court erred for two reasons. First, more than enough evidence was produced to rebut the presumption. Second, conditions were presented to the court sufficient to ensure Ms. Lee would not commit the acts as alleged.

**II.     THE LAW**

18 U.S.C. § 3148 addresses the procedures to be followed when considering

2

revocation of release. Subsection (b) instructs the judicial officer to enter an order of revocation and detention, if, after a hearing, the judicial officer-

> (1) finds that there is-
>
>> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>>
>> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that-
>
>> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>>
>> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>>
>> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.
>>
>> If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provision of § 3142 of this title and may amend the conditions of release accordingly.

18 U.S.C. § 3148.

Relying on a Tenth Circuit case, the court found that § 3142 does not come into play <u>unless and until the</u> judicial officer finds under § 3148(b)(2)(B) that the <u>defendant has overcome the statutory rebuttable presumption</u> and concludes "that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and

3

that the person will abide by such conditions." United States v. Cook, 880 F.2d 1158 (10th Cir. 1989), citing United States v. Mckethan, 602 F.Supp. 719, 722 (D.D.C. 1985). (Emphasis added).

While Ms. Lee concurs with the holding in Cook, she respectfully submits that the court misapplied the burden imposed upon defendants as it relates to rebutting the presumption. Ms. Lee bore the burden of production, not the burden of persuasion. An understanding of this distinction is critical in making a legally sound determination of release or detention. Additionally, Ms. Lee contends that a combination of conditions are available such that any concerns of the court or government will be allayed. Each issue is addressed below.

### A. Rebutting the Presumption.

Once, as in this case, the presumption arises, the "ball is in the defendant's court, and it is incumbent on the defendant to come forward with some evidence to rebut the presumption." Cook, citing United States v. Davis, 845 F.2d 412 (2d Cir. 1988). At this point, the burden of production, but not persuasion shifts to the defendant. Cook, citing United States v. King, 849 F.2d 485 (11th Cir. 1988). In Cook, the court stressed that the burden of production is not heavy, but in order to rebut the presumption, the defendant must produce some evidence. Citing United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).

With regard to the burden imposed upon a defendant when a rebuttable presumption arises, Jessup distinguished between a "burden of persuasion" and a "burden of production." Under a burden of persuasion, an alleged drug offender, for instance, would have to prove he would not flee. Under a burden of production, on the other hand, he would only have to introduce a certain amount of evidence contrary to the presumed fact. United States v. Jessup at 380. Once the burden of production is met, the presumption does not disappear, but rather remains as a factor for

4

consideration in the ultimate release or detention determination. United States v. Jessup, 757 F.2d at 383-384.

In this case, the burden of production has been met. Far more than some evidence was presented to rebut the presumption. In court, a United States Probation Officer testified as follows:

1. Ms. Lee has two approved third-party custodians.

2. Ms. Lee's residence is suitable for electronic monitoring.

3. Ms. Lee is a citizen of the United States and has lived on Guam since 1981.

4. Ms. Lee has no prior criminal record.

5. Ms. Lee has no history of violence.

6. Aside from the underlying alleged violation, she has been compliant with all terms and conditions of release since she was first indicted in November 2005.

7. She has a husband and three children living on Guam.

8. She has been and is gainfully employed.

The Senate Committee on the Judiciary noted that "the commission of a serious crime by a released person is plainly indicative of his inability to conform to one of the most basic conditions of his release, i.e. that he abide by the law, and of the danger he poses to other persons and the community . . ." Nonetheless, the Committee noted, "there may be cases in which a defendant may be able to demonstrate that, although there is probable cause to believe that he has committed a serious crime while on release, the nature or circumstances of the crime are such that revocation of release is not appropriate." (United States v. Cook, at 1161, quoting report accompanying the Comprehensive Crime Control Act of 1984, Senate Report No. 98-225, reprinted

5

in 1984 U.S. Code Cong. & Ad. News, pp 3182.)

Ms. Lee concedes that the intent of Congress in promulgating § 3148 and its attendant rebuttable presumption should not be minimized. Ms. Lee, however, can demonstrate that in her case, revocation of release is not appropriate. She is not a danger to the community, she has never been charged or convicted of a criminal offense, and she has no history of violence. These facts, coupled with additional conditions of release indicate that revocation of release is not appropriate given the nature and circumstances of the violation alleged.

### B. Conditions of Release.

On April 8, 2008, the United States Probation Officer filed a Report of Third-Party Custodian and Electronic Monitoring related to Ms. Lee's detention hearing. The report indicated that two individuals had been approved as third-party custodians. The report further indicated that Ms. Lee's residence was suitable for electronic monitoring.

Notwithstanding the suitability of the two proposed third-party custodians and the residence, the probation officer recommended against release "as no condition or combination of conditions can assure the Court that the defendant will not continue to engage in the behavior that caused her revocation of release on April 3, 2008." Ms. Lee respectfully disagrees.

The first reason for her revocation was an alleged telephone call to one of the individuals she allegedly assisted in obtaining a driver's license. In its Declaration in Support of Revocation, the government claimed that since Ms. Lee had been given a copy of the Indictment she (and apparently noone else) was aware of listed "confederates". According to the government, since she had the indictment listing the "confederates" she was able to warn Mr. Sang Ho Kim that an arrest warrant had issued against him. The government's claim is seriously flawed. The indictment

6

has never been sealed.  Thus, it is a document anyone can retrieve.  Ms. Lee claims it is unreasonable to keep her detained on the basis that she might "warn" someone else of information available to the public.  If there is any validity to the government's claim, the concern can be overcome by 24 hour supervision by the third-party custodians.

The second reason in support of detention was based on an allegation that Ms. Lee processed another individual through airport check-in while working at Continental Airlines.  This concern is already a non-issue.  Ms. Lee is not working at Continental airlines.  She has been placed on administrative leave pending the outcome of this case.  Additionally, she has been ordered not to return to work unless ordered by the court.

### III.     CONCLUSION

Ms. Lee, having come forward with some evidence to rebut the presumption has met her burden of production.  She now respectfully requests an order releasing her from detention.

DATED: Mongmong, Guam, April 24, 2008.

/s/ RICHARD P. ARENS



Attorney for Defendant
EUN YOUNG LEE

# CERTIFICATE OF SERVICE

I, RICHARD P. ARENS, hereby certify that a true and exact copy of the foregoing document was electronically filed with U.S. District Court and electronically served by the U.S. District Court Clerk's Office to the following on April 24, 2008:

> KARON V. JOHNSON
> Assistant United States Attorney
> Sirena Plaza
> 108 Hernan Cortez, Ste. 500
> Hagatna, Guam  96910
>
> Attorney for Plaintiff
> UNITED STATES OF AMERICA
>
> DATED: Mongmong, Guam, April 24, 2008.

/s/ RICHARD P. ARENS



Attorney for Defendant
EUN YOUNG LEE