EYLee.mtn.revoke

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334


ORIGINAL

**FILED**
DISTRICT COURT OF GUAM

MAR 14 2008 R.D.

JEANNE G. QUINATA
Clerk of Court

Attorneys for the United States of America

## IN THE UNITED STATES DISTRICT COURT
## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 08-00004 |
| Plaintiff, | UNITED STATES MOTION TO REVOKE DEFENDANT'S RELEASE ON RECOGNIZANCE |
| vs. | |
| EUN YOUNG LEE, | |
| Defendant. | |

COMES NOW the United States of America, by and through undersigned counsel, and moves this Honorable Court for an order revoking defendant's release on her personal recognizance.

Defendant was arraigned on this charge January 25, 2008. At the same time, the court allowed her to be released from custody on her personal recognizance. A copy of the release order is attached hereto as Exhibit A. One of the conditions was that she obey all state and federal laws. There is reason to believe that she has committed the offense of Accessory After the Fact, in violation of Title 18, U.S.C. § 3, which prohibits a person who, knowing that an offense against the United States has been committed, assists the offender in order to hinder or prevent his apprehension, trial or punishment. Accordingly, the United States

//

-1-

DEFENDANT'S EXHIBIT

requests that a hearing be set to determine whether she should be taken into custody pending trial.

Respectfully submitted this __14th__ day of March, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _/s/ Karon V. Johnson_
KARON V. JOHNSON
Assistant U.S. Attorney

-2-

## DECLARATION

1) I am the Assistant United States Attorney assigned to prosecute this case.

2) Defendant is charged with fraudulently securing Guam driver's licenses for 53 illegal aliens. These 53 individuals have been identified and indicted; warrants have issued for their arrest. The warrants are under seal, to secure the safety of the federal agents effecting the service of these warrants, and to avoid putting the defendants on notice so that they could flee the jurisdiction.

3) Defendant received a copy of the indictment in this matter, which lists the persons whom defendant assisted to obtain licenses, thus putting defendant on notice as to those of her confederates who had also been charged.

4) Sang Ho Kim was one of those indicted for paying defendant to secure a false driver's license, Cr. No. 06-00071. Kim was arrested February 26, 2008, and made his initial appearance before the court that day. Joseph Razzano, Esq., has been appointed to represent him.

5) Today, March 13, 2008, Mr. Sam Teker, Mr. Razzano's partner, telephoned me to advise me that Sang Ho Kim would plead guilty to the charge. Mr. Teker told me that Kim had agreed to pay defendant $350 for the fraudulent license. According to his client, after her own arrest the defendant had called Kim and warned him that there was an arrest warrant out for him. She also reminded him that he still owed her $50.

5) According to Mr. Teker, defendant telephoned Jung Soo Yang to warn him as well. Yang is Cr. No. 07-00054; he was arrested February 4, 2008.

KARON V. JOHNSON
Assistant U.S. Attorney

# UNITED STATES DISTRICT COURT

_____ District of _____

| | |
|---|---|
| UNITED STATES OF AMERICA | **ORDER OF DETENTION PENDING TRIAL** |
| V. | |
| Eun Young Lee, aka Eun Young Cho, aka Ina Lee | Case Number: CR-08-00004-001 |
| *Defendant* | |

I find that the defendant

**X** is, and was at the time the alleged offense was committed:

    **X** on release pending trial for a felony under federal, state, or local law.

    ☐ on release pending imposition or execution of sentence, appeal of sentence or conviction, or completion of sentence, for an offense under federal, state, or local law.

    ☐ on supervised release for an offense under federal, state, or local law; or

☐ is not a citizen of the United States or lawfully admitted for permanent residence as defined at (8 U.S.C. §1101(a)(20)).

and I further find that the defendant

☐ flee, or ☐ poses a danger to another person or the community

Furthermore, I find that there is probable cause to believe that, while on release, the defendant committed a federal felony, and that a rebuttable presumption arises that no condition or combination of conditions will assure that the defendant will not pose a danger to the safety of any other person or the community. The court further finds that the Defendant has failed to rebut this presumption. Finally, the court finds that the even had the Defendant rebutted said presumption, no condition or combination of conditions would reasonably ensure that the Defendant would not again commit the acts which formed the basis for this revocation.

I accordingly ORDER the detention of the defendant without bail pending trial on this matter.




/s/ Joaquin V.E. Manibusan, Jr.
U.S. Magistrate Judge
Dated: Apr 08, 2008

# UNITED STATES DISTRICT COURT
### DISTRICT OF GUAM
### PROBATION OFFICE

ROSSANNA VILLAGOMEZ-AGUON
CHIEF U.S. PROBATION OFFICER

**MAIN OFFICE**
2ND FLOOR, U.S. COURTHOUSE
520 WEST SOLEDAD AVENUE
HAGÅTÑA, GUAM 96910
TEL: (671) 473-9201
FAX: (671) 473-9202



**N.M.I. OFFICE**
HORIGUCHI BUILDING RM 4D
P.O. BOX 502089
SAIPAN, MP 96950
TEL: (670) 236-2991
FAX: (670) 236-2992

April 8, 2008

Honorable Joaquin V.E. Manibusan, Jr.
Magistrate Judge
U.S. District Court of Guam
3rd Floor, U.S. Courthouse
520 West Soledad Avenue
Hagatna, Guam 96910

         Re: LEE Eun Young a.k.a. Ina Lee
            U.S.D.C. #: CR 08-00004-001

            **Report of Third-Party Custodian and**
            **Electronic Monitoring**

Your Honor:

   The probation officer conducted an investigation of the defendant's husband, Hee Woo Lee, and her brother, Tommy Y. Cho, for consideration as third-party custodians. An electronic monitoring assessment was also conducted of Mr. Lee's home, where he resided with the defendant prior to the Court revoking her pretrial release on April 3, 2008.

   Mr. Lee and the defendant reside at 892B St. John Street, Upper Tumon, Guam. The home is a three bedroom, one bathroom single story concrete structure with a kitchen and living area. The home is equipped with a working digital telephone line as well as power and water.

   Residing with Mr. Lee, the defendant, and their three minor children are Mr. Lee's brother and sister-in-law, Choul W. and Arlene Lee as well as their two children. A criminal records check was conducted on all the adults in the household with negative results.

   As the secondary third-party custodian, a criminal records check was conducted on Mr. Tommy Y. Cho with results indicating that Mr. Cho was convicted on two separate occasions of Reckless Driving in the Superior Court of Guam in Criminal Misdemeanor CM 764-03 and Criminal Misdemeanor CM 398-05. In both cases, Mr. Cho successfully completed a term of probation and paid a fine.