LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> EUN YOUNG LEE, ) <br>    aka Eun Young Cho, ) <br>    aka Ina Lee, ) <br> MARCELINO J. LASERNA, ) <br> JOHN W.C. DUENAS, ) <br> MARY C. GARCIA, ) <br> JOSEPH PANGELINAN, ) <br> FRANCISCO SN KAWAMOTO, and ) <br> MARGARET B. UNTALAN, ) <br> ) <br> Defendants. ) <br> _____ ) | CRIMINAL CASE NO. 08-00004 <br><br> **UNITED STATES TRIAL MEMORANDUM ON DELIBERATE IGNORANCE** |

     The United States has submitted a jury instruction on deliberate ignorance, which may prove applicable to this case. The Ninth Circuit standard jury instruction 5.7 was based upon United States v. Jewell, 532 F.2d 697 (9th Cir. 1976) (en banc). The court should be aware that a Ninth Circuit decision, United States v. Heredia, 483 F.3d 913 (9th Cir. 2007), decided April 30, 2007, has overruled an extensive body of case law which evolved after the original Jewell decision.

     Jewell concerned the scope of the term "knowingly" and expanded its meaning not only to things of which a person had positive knowledge, but to include "the state of mind of one who

does not possess positive knowledge only because he consciously avoided it." Id. at 702. As the years passed, some Ninth circuit opinions added an additional element, that the government also prove the defendant's motive in deliberately failing to learn the truth about a particular circumstance was to give himself a defense in case he should be charged with a crime. The Heredia court held that the motive prong was not specified in the original Jewell decision, and overruled the cases which had required it. Id. at 920. In addition, the appellate review of the district court's decision on whether to give the Jewell instruction had been *de novo*. The Heredia court also overruled that line of decisions and held that in the future the district court's ruling would be reviewed for abuse of discretion. Id. at 922.

      Heridia concerned a prosecution of a woman who was found with several hundred pounds of marijuana in the trunk of her car. She testified that, given the strong detergent odor in the car, and the way the passenger, her mother, was acting, she did become suspicious that the car contained marijuana, but only after she had passed the last freeway exit before the border checkpoint, and could not stop safely to investigate. The appellate court approved the district court's Jewell instruction. It held that in "deciding whether to give a willful blindness instruction, in addition to an actual knowledge instruction, the district court must determine whether the jury could rationally find willful blindness even though it has rejected the government's evidence of actual knowledge. If so, the court may also give a Jewell instruction." Id. at 922. Given the facts of this case, the jury could have determined that Heridia did not actually know about the drugs in her trunk, but disbelieved her explanation about why she had not investigated the odor sooner, and concluded that she was being willfully blind..

      In the course of its decision, the Heridia court noted at FN6 that it was not concerned with statutes which set the scienter requirement as having either actual knowledge or reasonable grounds to believe that a fact is true. Willful blindness is knowledge: either a person actually knows something, or he is aware of a "high probability" that a fact is true, and "deliberately avoided learning the truth."

Case 1:08-cr-00004    Document 135    Filed 05/14/2008    Page 2 of 3

The evidence in this case with show that six of the defendants on trial were all experienced MVD examiners, who could recite the driver's license code virtually *verbatim*. They were charged by law with ensuring that applicants for driver's licenses met all the statutory requirements, yet they repeatedly accepted applications from Ina Lee's "clients" without any review at all. Duplicate addresses, physical descriptions which did not match the applicant, applicants who purportedly were students at UOG but could not speak a word of English, applications unsupported by original documents, all were accepted without question, rubber-stamped and approved without a single question being asked. In short, the evidence will show that these examiners deliberately avoided any inquiry into the credentials of Lee's clients. There was a high probability the applicants at issue were not qualified to receive a license, yet the defendants deliberately avoided learning the truth about them. In such circumstances, a deliberate ignorance instruction is appropriate.

Respectfully submitted this __14th__ day of May, 2008.

                                            LEONARDO M. RAPADAS
                                            United States Attorney
                                            Districts of Guam and NMI

                              By:    /s/ Karon V. Johnson
                                         KARON V. JOHNSON
                                         Assistant U.S. Attorney