DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE   NO. 08-00004 |
| Plaintiff, | |
| vs. | |
| **EUN YOUNG LEE, MARCELINO J. LASERNA, JOHN W. C. DUENAS, MARY C. GARCIA, JOSEPH PANGELINAN, FRANCISCO S.N. KAWAMOTO, MARGARET B. UNTALAN,** | **CERTIFICATE OF SERVICE** |
| Defendants. | |

I hereby certify that on the 12th day of May, 2008, the attached standard Opening Jury Instructions and Standard Closing Jury Instructions was acknowledged received by counsel of record in the above-entitled criminal case.

Dated this 23 May 2008.

_____/s/_____
Carmen B. Santos, Deputy Clerk

1

2

3

4

5

6           **DISTRICT COURT OF GUAM**
            **TERRITORY OF GUAM**
7

8

9

10   UNITED STATES OF AMERICA,                Criminal Case No._____

11                  Plaintiff,

12                     vs.

13   _____,

14                  Defendant.

15

16

17

18                   **STANDARD OPENING JURY INSTRUCTIONS**

19

20                          **ACKNOWLEDGED RECEIPT**
21                          Sign: _____
                            Print: _____
22                          Date: _5/12/08_

23

24   **ACKNOWLEDGED RECEIPT**    **ACKNOWLEDGED RECEIPT**    **ACKNOWLEDGED RECEIPT**
     Sign: _____       Sign: _____        Sign: _____
25   Print: _SanNicolas_         Print: _CARL SANCHEZ_        Print: _Amber Sucher_
     Date: _5/12/08_             Date: _5/12/08_              Date: _5/12/08_
26

27   **ACKNOWLEDGED RECEIPT**    **ACKNOWLEDGED RECEIPT**    **ACKNOWLEDGED RECEIPT**
     Sign: _____       Sign: _____        Sign: _____
28   Print: _Jennifer Bautista_  Print: _JON Reyes_          Print: _ALK_
     Date: _5/12/08_             Date: _5/12/08_              Date: _5/12/08_

# COURT'S INSTRUCTION NO. 1

## DUTY OF JURY

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 1.1.

# COURT'S INSTRUCTION NO. 2

## THE CHARGE—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges the defendant with [*crime[s] charged*]. The charge[s] against the defendant [is] [are] contained in the indictment. The indictment is simply the description of the charge[s] made by the government against the defendant; it is not evidence of anything.

These instructions are preliminary and the instructions I will give at the end of the case will control.

The defendant has pleaded not guilty to the charge[s] and is presumed innocent unless and until proved guilty beyond a reasonable doubt. A defendant has the right to remain silent and never has to prove innocence or present any evidence.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 1.2.

## COURT'S INSTRUCTION NO. 3
## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are to be received into evidence; and

(3)     any facts to which all the lawyers stipulate.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 1.3.

# COURT'S INSTRUCTION NO. 4
## WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)     statements and arguments of the attorneys;

(2)     questions and objections of the attorneys;

(3)     testimony that I instruct you to disregard; and

(4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 1.4.

**COURT'S INSTRUCTION NO. 5**
**EVIDENCE FOR LIMITED PURPOSE**

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 1.5.

**COURT'S INSTRUCTION NO. 6**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 1.6.

## COURT'S INSTRUCTION NO. 7
## RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 1.7.

# COURT'S INSTRUCTION NO. 8
# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit*, Instruction 1.8.

**COURT'S INSTRUCTION NO. 9**
**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

Until the trial is over:

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 1.9.

## COURT'S INSTRUCTION NO. 10
## NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 1.10.

**COURT'S INSTRUCTION NO. 11**
**TAKING NOTES**

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [court room] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 1.11.

## COURT'S INSTRUCTION NO. 12
## OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 1.12.

**COURT'S INSTRUCTION NO. 13**
**JURY TO BE GUIDED BY**
**OFFICIAL ENGLISH**
**TRANSLATION/INTERPRETATION**

Languages other than English may be used during this trial.

The evidence you are to consider is only that provided through the official court [interpreters] [translators]. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English [interpretation] [translation]. You must disregard any different meaning of the non-English words.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 1.13.

## COURT'S INSTRUCTION NO. 14
## SEPARATE CONSIDERATION FOR EACH DEFENDANT

Although the defendants are being tried together, you must give separate consideration to each defendant. In doing so, you must determine      which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendant[s]. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant[s].

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 1.14.

1

2

3

4

5

6                        **DISTRICT COURT OF GUAM**

7                          **TERRITORY OF GUAM**

8

9

10    UNITED STATES OF AMERICA,                    Criminal Case No. _____

11              Plaintiff,

12                    vs.

      _____,

13

14              Defendant.

15    _____

16

17

18

19

20

ACKNOWLEDGED RECEIPT
Sign: 21 _Bel_
Print: _Bill Cruz_
Date: 22 _5/12/08_

21                        **STANDARD CLOSING JURY INSTRUCTIONS**

22

23

24 ACKNOWLEDGED RECEIPT
Sign: _____
Print: _Garett Santos_
Date: _05/12/08_

26

ACKNOWLEDGED RECEIPT
Sign: _Clx_
Print: _CARL SANCHEZ_
Date: _5/12/08_

ACKNOWLEDGED RECEIPT
Sign: _____
Print: _Amber Sanchez_
Date: _5/12/08_

27

28 ACKNOWLEDGED RECEIPT
Sign: _____
Print: _Jennifer Bautista_
Date: _5/12/08_

ACKNOWLEDGED RECEIPT
Sign: _Jon DeLos Reyes_
Print: _JON DELOS REYES_
Date: _5/12/08_

ACKNOWLEDGED RECEIPT
Sign: _____
Print: _Alex_
Date: _5/12/08_

# COURT'S INSTRUCTION NO. 1

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.1.

# COURT'S INSTRUCTION NO. 2
## CHARGE AGAINST DEFENDANT NOT
## EVIDENCE—PRESUMPTION OF
## INNOCENCE—BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.2.

# COURT'S INSTRUCTION NO. 3
## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.3.

**COURT'S INSTRUCTION NO. 4**

**DEFENDANT'S DECISION TO TESTIFY**


The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.4.

# COURT'S INSTRUCTION NO. 5
## REASONABLE DOUBT - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.5.

# COURT'S INSTRUCTION NO. 6

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

      (1)    the sworn testimony of any witness;

      (2)    the exhibits which have been received into evidence; and

      (3)    any facts to which all the lawyers have stipulated.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.6.

# COURT'S INSTRUCTION NO. 7
## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.7.

**COURT'S INSTRUCTION NO. 8**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

The word "infer"—or the expression "to draw an inference"—means to find that a fact exists based on proof of another fact. In deciding whether to draw an inference, you must consider all the facts in the light of reason, common sense and experience. After you have done that, it is for you to decide whether to draw a particular inference.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.8.

# COURT'S INSTRUCTION NO. 9
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case and any bias or prejudice;

(5)    whether other evidence contradicted the witness's testimony;

(6)    the reasonableness of the witness's testimony in light of all the evidence; and

(7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.9.

# COURT'S INSTRUCTION NO. 10

## EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the charge[s] in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.10.

# COURT'S INSTRUCTION NO. 11

## ACTIVITIES NOT CHARGED

The defendant is on trial only for the crime[s] charged in the indictment, not for any other activities.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.11.

# COURT'S INSTRUCTION NO. 12

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS—

## SINGLE DEFENDANTS

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

All of the instructions apply to each defendant [unless a specific instruction states that it applies to only a specific defendant].

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.12.

## COURT'S INSTRUCTION NO. 13

## SEPARATE CONSIDERATION OF SINGLE COUNT—MULTIPLE DEFENDANTS

A separate crime is charged against each defendant. The charges have been joined for trial. You must consider and decide the case of each defendant separately. Your verdict as to one defendant should not control your verdict as to any other defendant.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.13.

# COURT'S INSTRUCTION NO. 14

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS—MULTIPLE DEFENDANTS

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All of the instructions apply to each defendant and to each count [unless a specific instruction states that it applies only to a specific [defendant] [count].

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.14.

# COURT'S INSTRUCTION NO. 15
## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 7.1.

**COURT'S INSTRUCTION NO. 16**

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 7.2.

# COURT'S INSTRUCTION NO. 17
## USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 7.3.

**COURT'S INSTRUCTION NO. 18**

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 7.4.

**COURT'S INSTRUCTION NO. 19**

**VERDICT FORM**

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.] After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 7.5.

1

**COURT'S INSTRUCTION NO. 20**

2

**COMMUNICATION WITH THE COURT**

3

4       If it becomes necessary during your deliberations to communicate with me, you may send

5   a note through the court security officer, signed by your foreperson or by one or more members

6   of the jury. No member of the jury should ever attempt to communicate with me except by a

7   signed writing, and I will respond to the jury concerning the case only in writing, or here in open

8   court. If you send out a question, I will consult with the lawyers before answering it, which may

9   take some time. You may continue your deliberations while waiting for the answer to any

10   question. Remember that you are not to tell anyone — including me — how the jury stands,

11   numerically or otherwise, on the question of the guilt of the defendant, until after you have

12   reached a unanimous verdict or have been discharged.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27       Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY*

28   *INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 7.6.