**FILED**
DISTRICT COURT OF GUAM

JUN 18 2008

JEANNE G. QUINATA
Clerk of Court



JOHN T. GORMAN
Federal Public Defender
District of Guam

RICHARD P. ARENS
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
EUN YOUNG LEE

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-08-00004 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM CONCERNING |
| | ) | DISCLOSURE OF INTERVIEW NOTES |
| vs. | ) | |
| | ) | |
| EUN YOUNG LEE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM CONCERNING DISCLOSURE OF INTERVIEW NOTES

COMES NOW the defendant, EUN YOUNG LEE, through counsel, Richard P. Arens, Assistant Federal Public Defender, and moves this Honorable Court to order the disclosure of interview notes generated by Agents Kline and Klocke during the interrogation of Ms Lee on December 24, 2007.

This motion is based upon Federal Rule of Criminal Procedure 16 (a)(1)(A) and the attached memorandum.

**Memorandum.**

## I. Facts.

On December 24, 2007, F.B.I. Special Agents Kline and Klocke interviewed Ms Lee after her arrest. On June 17, 2008, Agent Kline testified that he took rough notes during the interview and later compiled a report based on those notes. The government gave a copy of the typed report to Lee, but did not provide a copy of Agent Kline's rough notes.

Ms Lee contends she is entitled to Agent Kline's interview notes as a matter of law under Fed. R.Crim.P. 16 (a)(1)(A). The refusal to disclose rough notes forecloses any inquiry into possible discrepancies between the original impressions of the agent and the more studied description of the interview contained in the 302 report, thus limiting cross-examination of Agent Kline.

## II. Law.

Federal Rule of Criminal Procedure 16 (a)(1)(A), provides in pertinent part: "Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial." The decision of what must be produced is a judicial function. United States v. Harris, 543 F.2d 1247 (9th Cir. 1976). It is not a function of the prosecutor or the FBI.

In United States v. Brown, 303 F.3d 582 (5th Cir. 2002), defendant was interviewed by an agent of the FBI related to a criminal investigation. During the interview, the agent took notes by hand. The agent, using his notes, prepared a 302 report, recording the substance of his interview

2

with Brown. Prior to trial, Brown sought to compel discovery of the rough notes. The court reviewed the notes <u>in camera</u> and determined that the 302 report already disclosed to the defense accurately reflected the information contained in the notes. Accordingly, the court denied the request for production. Brown was subsequently convicted and appealed the court's denial of his motion to produce the hand written notes.

In upholding the denial of his motion, the court held that Rule 16 does not grant a criminal defendant a right to preparatory interview notes where the content of those notes have been accurately captured in a type-written report, such as a 302 that has been disclosed to the defendant. The government satisfies its obligation under the Rule, the court noted, when it discloses a 302 report that contains all of the information contained in the interview notes.

## III. Conclusion.

Based on the foregoing, Ms Lee respectfully disclosure of the interview notes unless the Court determines that the notes have been accurately and fully recorded in the type-written report.

DATED: Mongmong, Guam, June 18, 2008.

_____
RICHARD P. ARENS
Attorney for Defendant
EUN YOUNG LEE

3

## CERTIFICATE OF SERVICE

I, RENATE A. DOEHL, hereby certify that a true and exact copy of the foregoing document was filed with U.S. District Court and electronically served by the U.S. District Court Clerk's Office to the following on June 18, 2008:

KARON V. JOHNSON
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA

DATED: Mongmong, Guam, June 18, 2008.

RENATE A. DOEHL
Operations Administrator

RICHARD P. ARENS
Attorney for Defendant
EUN YOUNG LEE