LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Defendant Mary C. Garcia*



FILED
DISTRICT COURT OF GUAM

JUN 25 2008

JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>MARY C. GARCIA et al.,<br><br>Defendants. | CRIMINAL CASE NO. CR08-00004<br><br>RESPONSE CONCERNING PERJURED TESTIMONY; CERTIFICATE OF SERVICE |

COMES NOW, Defendant MARY C. GARCIA, through her counsels of record, and submits this response concerning perjured testimony in reply to the United States Memorandum Concerning Testimony Contradicting Prior Sworn Testimony filed on June 24, 2008. All counsels and co-defendants in the present case joins herein.

The Government's duty to disclose exculpatory or impeaching evidence derives from due process guarantees to a fair and impartial trial. In <u>Brady v. Maryland</u>, the Supreme Court announced the rule that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87, 83 S.Ct. 1194, 1196 (1963). "[T]he constitutional obligation is [not] measured by the moral culpability, or the willfulness, of the prosecutor.... If the suppression of evidence results in constitutional error, it is

Case 1:08-cr-00004 Document 272   Filed 06/25/2008   Page 1 of 6

because of the character of the evidence, not the character of the prosecutor." U.S. v. Agurs, 427 U.S. 97, 110, 96 S.Ct. 2392, 2400-2401 (1976).

To establish a Brady violation, it must be shown that material exculpatory or impeaching evidence was suppressed by the government, either willfully or inadvertently, resulting in prejudice. Morris v. Ylst, 447 F.3d 735, 741 (2006). Evidence is material if there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. A "reasonable probability" exists if there is "a probability sufficient to undermine confidence in the outcome." Id. (citations omitted).

The defense submits that all known instances of past perjury, whether at the change of plea proceeding or otherwise, are material impeaching evidence. Had the evidence of past perjury been revealed, there absolutely would have been a reasonable probability that the result of the cross-examination would have been different. The defense would have been prepared and able to conduct a thorough and meaningful cross-examination. To the contrary, the defense stumbled upon the past perjury of one witness during cross-examination. Despite knowing that the witness either committed perjury at the change of plea proceeding or was committing perjury during her trial testimony, the Government remained willfully silent. Had the defense never asked the line of questions that exposed the perjury, the defense would have remained ignorant while the Government sat idly by knowing its witness either committed perjury in the past or was presently committing perjury. Because the defense had not been notified of the known perjury of a Government witness, the cross-examination, impeachment and ultimately the fairness of that portion of the trial were undermined.

Page 2 of 6
*USA v. Mary C. Garcia*
Criminal Case No. CR08-00004
Response Concerning Perjured Testimony; Certificate of Service

Case 1:08-cr-00004 Document 272 Filed 06/25/2008 Page 2 of 6

1. The prosecution has an overriding duty to do justice:

> The prosecuting attorney represents a sovereign whose obligation is to govern impartially and whose interest in a particular case is not necessarily to win, but to do justice. It is the sworn duty of the prosecutor to assure that the defendant has a fair and impartial trial.

Commonwealth of the Northern Mariana Islands v. Bowie, 243 F.3d 1109, 1116 (9th Cir. 2001).

Further, a prosecutor's responsibility and duty to correct what he/she knows to be false and elicit the truth requires the prosecutor to act when put on notice of the real possibility of false testimony. Bowie, 243 F.3d at 1117-1118. The duty to act is not "discharged by attempting to finesse the problem by pressing ahead without a diligent and a good faith attempt to resolve it. Id. Importantly, a prosecutor "cannot avoid this obligation by refusing to search for the truth and remaining willfully ignorant of the facts." Id.

In the present case, the Government did not disclose the anticipated testimony of its witness regarding past or present perjury. Instead, the Government permitted the witness to testify, perhaps hoping that her past perjury would not be uncovered. An inference can be drawn, however, that by asking whether the witness had paid Defendant Lee, the Government knowingly set up the defense to impeach the witness with the stipulated facts contained in the witness' plea agreement. All along, the Government was aware that the witness would admit to lying at the change of plea proceeding. By failing to disclose the witness' past perjury and allowing its surprise revelation during cross-examination, the government's design afforded the defense an inadequate opportunity to prepare and to fully and meaningfully confront the witness.

By virtue of its authority and its ultimate duty to do justice, the Government is held to a higher standard than defense counsels. The defense submits that the Government's conduct in failing to disclose all known instances of past or future perjury violates not only constitutional guarantees of due process and a fair trial, but also the paramount duty to do justice.

Page 3 of 6
USA v. Mary C. Garcia
Criminal Case No. CR08-00004
Response Concerning Perjured Testimony; Certificate of Service

Case 1:08-cr-00004 Document 272 Filed 06/25/2008 Page 3 of 6

Government suppression of material exculpatory or impeaching evidence is intolerable whether at trial or on appeal. On appeal, a convicted defendant is entitled to a new trial if he can establish that the Government intentionally or inadvertently failed to correct materially false testimony relevant to the credibility of a key Government witness at the trial, including evidence concerning 'any understanding or agreement as to a future prosecution' between the witness and the Government. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763 (1972); Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173 (1964).

Lastly, the Government entitled its submission as a "Memorandum Concerning Testimony Contradicting Prior Sworn Testimony." To characterize the perjured testimony of Government witnesses as "contradicting prior sworn testimony" is misleading and legal understatement. As aptly noted in Bowie:

> A lie is a lie, no matter what its subject, and, if it is in any way relevant to the case, the district attorney has the responsibility and duty to correct what he knows to be false and elicit the truth.

Bowie, 243 F.3d at 1115.

We submit that disclosure of known perjured testimony to the court and to the defense is an inextricable part of the prosecution's responsibility and duty to correct known falsehoods and elicit the truth.

Respectfully Submitted: June 24, 2008.

LUJAN AGUIGUI & PEREZ LLP

By: _____
LEILANI V. LUJAN, ESQ.
*Attorneys for Defendant Mary C. Garcia*

G-0051/929-00/LVL

Page 4 of 6
*USA v. Mary C. Garcia*
Criminal Case No. CR08-00004
Response Concerning Perjured Testimony; Certificate of Service

Case 1:08-cr-00004 Document 272 Filed 06/25/2008 Page 4 of 6

# CERTIFICATE OF SERVICE

I, Leilani V. Lujan, certify that I caused a copy of **DEFENDANT MARY C. GARCIA'S NOTICE OF JOINDER** to be served on the following individuals or entities on June 24, 2008, via hand delivery at the following address:

Office of the United States Attorney
Karon V. Johnson, Esq.
Assistant US Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
*Attorneys for the United States of America*

John T. Gorman, Esq.
Federal Public Defender
First Hawaiian Bank
Maite, Guam 96910
*Attorneys for co-Defendant Eun Young Lee*

Mark S. Smith, Esq.
Law Offices of Mark S. Smith
456 West O'Brien Drive, Suite 102-D
Hagåtña, Guam 96910
*Attorneys for co-Defendant Marcelino J. Laserna*

Cynthia V. Ecube, Esq.
Law Offices of Cynthia V. Ecube
207 Martyr Street, Suite 3
Travel Pacificana Building
Hagåtña, Guam 96910
*Attorneys for co-Defendant John W.C. Duenas*

Louie J. Yanza, Esq.
MAHER YANZA FLYNN & TIMBLIN LLP
115 Hesler Place, Ground Floor
Governor Flores Building
Hagåtña, Guam 96910
*Attorneys for co-Defendant Joseph Pangelinan*

Page 5 of 6
*USA v. Mary C. Garcia*
Criminal Case No. CR08-00004
Response Concerning Perjured Testimony; Certificate of Service

Case 1:08-cr-00004　Document 272　Filed 06/25/2008　Page 5 of 6

Stephanie G. Flores, Esq.
Quan & Lopez LLP
Suite 202 Quan Building
324 West Soledad Avenue
Hagåtña, Guam 96910
*Attorneys for co-Defendant Francisco S.N. Kawamoto*

Rawlen M.T. Mantanona, Esq.
CABOT MANTANONA LLP
Edge Building, Second Floor
929 South Marine Corps. Drive
Tamuning, Guam 96913
*Attorneys for co-Defendant Margaret B. Untalan*

Dated June 24, 2008.

**LUJAN AGUIGUI & PEREZ LLP**

By: _____
LEILANI V. LUJAN, ESQ.
*Attorneys for Defendant Mary C. Garcia*