

FILED
DISTRICT COURT OF GUAM

JUN 25 2008

JEANNE G. QUINATA
Clerk of Court

Louie J. Yanza
**MAHER · YANZA · FLYNN · TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorneys for Defendant
JOSEPH PANGELINAN

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. CR08-00004 |
| Plaintiffs, | DEFENDANT JOSEPH PANGELINAN'S MEMORANDUM REGARDING WITNESSES SELF-INCRIMINATION; CERTIFICATE OF SERVICE |
| vs. | |
| JOSEPH PANGELINAN, et al., | |
| Defendants. | |

## INTRODUCTION

A witness in a proceeding may claim the privilege against self-incrimination where it is clear from the question that the response may implicate the witness. See Hashagen v. United States, 283 F.2d 345 (9th Cir. 1960). The Supreme Court of the United States has stated "the Fifth Amendment privilege against compulsory self-incrimination 'protects against any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used'." Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt County, 542 U.S. 177, 190 (2004) (citation omitted).

-1-

Case 1:08-cr-00004   Document 275   Filed 06/25/2008   Page 1 of 5
ORIGINAL

Furthermore, "ethical duties require prosecutors to warn unrepresented witnesses of the risk that the testimony they are about to give may be used against them. See United States v. Pinto, 850 F.2d 927, 934 & n. 1 (2d Cir.), cert. denied, 488 U.S. 867, 932, 109 S.Ct. 174, 323, 102 L.Ed.2d 143, 341 (1988) (ABA Standards for the Administration of Criminal Justice § 3-3.2(b) requires prosecutor to advise the witness concerning possible self-incrimination and the possible need for counsel.)." United States v. Jackson, 935 F.2d 832, 847 (7th Cir. 1991) (internal quotes omitted). Although Jackson concerned a defense witness, the ethical obligation is not so limited.

However, a prosecution witness may be compelled to testify by being granted immunity in the matter. Id. Should a witness be granted immunity with regard to his or her testimony, defense counsel should be allowed to address the immunity agreement between the prosecution and the witness during cross-examination. See United States v. Arnell, 187 Fed.Appx. 724, 730-731. Furthermore, the prosecution has a duty to disclose the details of any immunity deal struck between prosecution and a witness. The Ninth Circuit, in addressing the issue of whether a Brady violation occurred by prosecution's failure to disclose a possible immunity agreement in the case before them, stated:

> [i]n criminal cases, the prosecution has a duty to disclose all material evidence that is favorable to the accused. Brady, 373 U.S. at 87, 83 S.Ct. 1194. This duty extends not only to exculpatory evidence but also to "evidence that the defense might have used to impeach the Government's witnesses by showing bias or interest." United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

Horton v. Mayle, 408 F.3d 570, 578 (9th Cir. 2005). The Ninth Circuit, in Horton, went on to find that the prosecution's failure to disclose the immunity agreement, if one did in fact exist it that case, undermined confidence in the outcome of the agreement and remanded to the lower court to confirm its existence. Horton, 408 F.3d at 581.

We respectfully request that unrepresented witnesses be informed concerning possible self-incrimination and that any immunity agreements made by prosecution with respect to these witnesses be disclosed to defense counsel.

Dated this 25 day of June, 2008.

**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
Attorneys for Defendant
**JOSEPH PANGELINAN**

By: /s/ LOUIE J. YANZA

# CERTIFICATE OF SERVICE

I, LOUIE J. YANZA, hereby certify that on the 25th day of June, 2008, I caused a copy of the foregoing and annexed **Defendant JOSEPH PANGELINAN's Memorandum Regarding Witnesses Self-Incrimination** to be served upon the parties hereto, by either delivering, faxing and/or mailing a copy of same to their attorneys of record, as follows:

Karon V. Johnson, Assistant U.S. Attorney
**OFFICE OF THE UNITED STATES ATTORNEY**
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatña, Guam 96910
**Counsel for the UNITED STATES OF AMERICA**

Mark S. Smith, Esq.
**LAW OFFICES OF MARK S. SMITH**
456 W. O'Brien Drive, Suite 102-D
Hagatña, Guam 96910
**Counsel for Defendant MARCELINO J. LASERNA**

Richard P. Arens, Assistant Federal Public Defender
**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
501 First Hawaiian Bank Building
400 Route 8
Mongmong, Guam 96910
**Counsel for Defendant EUN YOUNG LEE**

Cynthia V. Ecube, Attorney-At-Law
**LAW OFFICES OF CYNTHIA V. ECUBE**
207 Martyr Street, Suite 3
Travel Pacificana Building
Hagatna, Guam 96910
**Counsel for Defendant JOHN W.C. DUENAS**

Delia S. Lujan, Attorney-At-Law
**LUJAN, AGUIGUI & PEREZ, LLP**
Suite 300, Pacific News Building
238 Archbishop F.C. Flores Street
Hagatna, Guam 96910
**Counsel for Defendant MARY C. GARCIA**

Stephanie Flores, Attorney-At-Law
Suite 202, Quan Building
324 West Soledad Avenue
Hagatna, Guam 96910
**Counsel for Defendant FRANCISCO S.N. KAWAMOTO**

Rawlen M.T. Mantanona, Esq.
**CABOT MANTANONA, LLP**
2nd Floor, Edge Building
929 S. Marine Corps Drive
Tamuning, Guam 96913
**Counsel for Defendant MARGARET B. UNTALAN**

Dated this 25 day of June, 2008.

**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
Attorneys for Defendant
**JOSEPH PANGELINAN**

By: _____
LOUIE J. YANZA

-5-