THE LAW OFFICE OF
STEPHANIE G. FLORES
Suite 202, Quan Bldg.
324 West Soledad St.
Hagatna, Guam 96910
Telephone: 671-479-1003
Facsimile: 671-479-1002
Email: sgflores@gmail.com

Attorney for Defendant Francisco Kawamoto

IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08-00004 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM RE: |
| | ) | GOVERNMENT'S USE OF KNOWINGLY |
| FRANCISCO KAWAMOTO, ET AL | ) | FALSE TESTIMONY AND JOINDER |
| | ) | |
| Defendants. | ) | |

COMES NOW, the Defendant, FRANCISCO KAWAMOTO, by and through his undersigned counsel of record, and hereby submits this Memorandum Re: Government's Use of Knowingly False Testimony and Joinder in the Memoranda filed by all other Defendants herein.

Respectfully submitted this 25th day of June, 2008.

THE LAW OFFICE OF STEPHANIE G. FLORES

By: _____
Stephanie G. Flores, Esq.
Attorney for Francisco Kawamoto

## RELEVANT FACTS

The Government has offered the testimony of Young Nam Kim that she paid Defendant Lee $800.00 to secure a Guam Driver's License. Ms. Kim has pled guilty pursuant to a written plea agreement drafted by the government and filed with this Court. At her change of plea hearing Ms. Kim was sworn to tell the truth and indicated both through her written plea agreement and her testimony at that hearing that she did not pay Defendant Lee any money but had bought assorted foodstuffs for Defendant Lee and her family. On June 23, 2008, Ms. Kim testified, again under oath, that she did in fact pay Defendant Lee $800.00.

The Assistant U.S. Attorney assigned to this matter is the same one that drafted Ms. Kim's plea agreement and attended the hearing during which Ms. Kim's plea was entered and accepted. Prior to her testimony before the Court in this matter, but subsequent to her entry of her plea, Ms. Kim spoke with about her proposed testimony in this matter and revealed that she would testify differently than she had in either her written plea agreement or at the hearing for the entry of her guilty plea.

The Defense was aware of Ms. Kim's plea agreement and her testimony before the Court for her change of plea and fully expected, not unreasonably, her to testify consistent therewith. It was not until she appeared to testify at this trial that the Defense became aware that she would give completely different testimony.

Cross examination revealed that the government was aware of her false testimony and did nothing to alert the court or opposing counsel of such falsehood. Counsel for the

government asserts that Ms. Kim was lying at her change of plea hearing and not during this trial and takes the position that, in effect, because of the language contained in the plea agreement it was permissible for her to lie to the court under oath regarding the factual basis for her plea.

## ARGUMENT

Knowingly proffering false testimony is inconsistent with the basic Constitutional requirements that the Defendant be given a fair trial. The deliberate deception of the court and jurors through the presentation of known false evidence is incompatible with the rudimentary demands of justice. *United States of America vs. Polizzi*, 801 F2d 1543, (9th Cir. 1986) citing *Mooney vs. Holohan*, 294 U.S. 103, 112, 55 S.Ct. 340, 341, 79 L.Ed. 791 (1935).

It is uncontroverted that a dismissal of an indictment is a highly disfavored remedy. *United States v. Rogers*, 751 F.2d 1074, 1076-1077 (9th Cir.1985). To the extent that claims of prosecutorial misconduct arise from presenting knowingly false testimony, dismissal of the indictment would not be appropriate unless the misconduct was "flagrant" and caused "substantial prejudice" to the defendant. *United States v. Jacobs*, 855 F.2d 652, 655 (9th Cir.1988). In this case, not only did the assigned Assistant U.S. Attorney draft the plea agreement that Ms. Kim signed, she was present at the change of plea hearing during which Ms. Kim swore under oath to testify truthfully regarding the factual basis for her plea. She then had Ms. Kim testify before this Court, under oath, in a materially different fashion. The fact that Ms. Kim would be giving testimony that she paid Ms. Lee when she had previously testified that she had not was never disclosed to

the Defense and it should have been under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.

In this case, the conduct of the Government, not just the production of knowingly false testimony, but also the discovery violations, is flagrant prosecutorial misconduct that has substantially prejudiced all of the Defendants in this matter and requires the extreme remedy of dismissal.

## CONCLUSION

For the forgoing reasons and any arguments that may be advanced at the hearing on this matter, at a minimum Ms. Kim's testimony must be stricken, the jury admonished to completely disregard her testimony, or if it is determined that government proffered knowingly false testimony and said actions were flagrant misconduct the Indictment in this matter should be DISMISSED.

Respectfully submitted this 25th day of June, 2008.

THE LAW OFFICE OF STEPHANIE G. FLORES

By: _____
Stephanie G. Flores, Esq.
Attorney for Francisco Kawamoto