JOHN T. GORMAN
Federal Public Defender
District of Guam

RICHARD P. ARENS
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
EUN YOUNG LEE

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-08-00004 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM CONCERNING THE |
| | ) | SWORN TESTIMONY OF YOUNG MIN |
| vs. | ) | KO |
| | ) | |
| EUN YOUNG LEE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant, EUN YOUNG LEE, by and through undersigned counsel, Richard P. Arens, Assistant Federal Public Defender, submits this Memorandum Concerning the Sworn Testimony of Young Min Ko as it relates to government's refusal to disclose exculpatory or impeaching evidence.

//

//

## MEMORANDUM

**I. The Facts.**

On February 27, 2008, Young Min Ko provided a statement to FBI Special Agent Klocke. The statement was memorialized in an FBI form 302. (Exhibit A). According to the report prepared by Agent Klocke, Ko stated that the "only time he saw [Lee] at the Department of Motor Vehicles" was "when he took the Guam Driver's License photo." Ko further stated that "at the time, he did not know [Lee]." The government provided Lee with a copy of Klocke's 302 report prior to a hearing on government's Motion to Revoke Lee's Release on April 1, 2008.

On March 18, 2008, Mr. Ko's Plea Agreement was filed in the District Court of Guam. (Laserna's Trial Exhibit Q). Contrary to the statement given to Agent Klocke, the Plea Agreement states that "Eun Young Lee was present at the MVD when defendant and Hong submitted the application . . ."

On June 25, 2008, Ko provided sworn testimony in the above-captioned jury trial. Again, contrary to his earlier statement to Agent Klocke, Ko testified that Lee was present at the MVD when he submitted his application for a Guam Driver's License. But for Lee's incidental receipt of the statement at the detention hearing, none of the defendant's would have been aware of the exculpatory evidence provided by Ko to Agent Klocke.

Prior to cross-examination of Ko, the defense notified the court concerning the government's failure to disclose Ko's statement to all defendant's. The government asserted that it has no duty to disclose 302 statements of testifying witnesses and that the information contained in the report was not exculpatory. Lee contends the government is mandated by Brady v. Maryland

to disclose all exculpatory or impeaching evidence. 373 U.S. 83 (1963).

**II. The Law.**

Every prosecutor has a duty to produce, on request by defendant, evidence that is material to the defendant's guilt or punishment. Brady v. Maryland, 373 U.S. 83 (1963). This obligation includes production of impeachment evidence. United States v. Bagley, 473 U.S. 667 (1985). ("'When the "reliability of a given witness may well be determinative of guilt or innocence," nondisclosure of evidence affecting credibility falls within the general rule [of Brady].'" (quoting Giglio v. United States, 405 U.S. 150 (1972)). Withholding such evidence is a constitutional error if it deprives a defendant of a fair trial. Id.

In Brady v. Maryland, the Supreme Court announced the rule that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." To establish a Brady violation, it must be shown that material exculpatory or impeaching evidence was suppressed by the government, either willfully or inadvertently, resulting in prejudice. Morris v. Ylst, 447 F.3d 735, 741 (2006). Evidence is material if there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. A "reasonable probability" exists if there is a probability sufficient to undermine confidence in the outcome." Id. (Citations omitted).

**III. Conclusion**

The defense submits that Ko's statement to Agent Klocke is both exculpatory and impeaching evidence. That Lee was not present when Ko submitted his application directly

contradicts his testimony at trial. Any information contradicting sworn trial testimony is material to the credibility of the witness. That Lee was not present when Ko submitted his application negates the claim that Lee was involved in the procurement of his license. Evidence of Lee's lack of involvement in the application process is material to whether she conspired with Laserna to fraudulently obtain Ko's driver's license.

DATED: Mongmong, Guam, June 27, 2008.

/s/ RICHARD P. ARENS



Attorney for Defendant
EUN YOUNG LEE

4

**CERTIFICATE OF SERVICE**

I, RICHARD P. ARENS, hereby certify that a true and exact copy of the foregoing document was filed with U.S. District Court and served to the following on June 27, 2008:

KARON V. JOHNSON
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910
Attorney for Plaintiff
UNITED STATES OF AMERICA

MARK S. SMITH
Law Office of Mark S. Smith
456 W. O'Brien Drive
Suite 102-D
Hagatna, Guam 96910
Attorney for Defendant
MARCELINO J. LASERNA

LOUIE J. YANZA
Maher, Yanza, Flynn, Timblin, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagatna, Guam 96910
Attorney for Defendant
JOSEPH PANGELINAN

RAWLEN M.T. MANTANONA
Cabot Mantanona, LLP
Edge Building Second Floor
929 South Marine Corps Drive
Tamuning, Guam 96913
Attorney for Defendant
MARGARET B. UNTALAN

STEPHANIE G. FLORES
Quan & Lopez, LLP
Quan Building, Suite 202
#324 Soledad Avenue
Hagatna, Guam 96910
Attorney for Defendant
FRANCISCO KAWAMOTO

LEILANI V. LUJAN
Lujan Aguigui & Perez, LLP
DNA Building, Suite 300
238 Archbishop Flores Street
Hagatna, Guam 96910
Attorney for Defendant
MARY C. GARCIA

CYNTHIA V. ECUBE
207 Street, Suite 3
Travel Pacificana Building
Hagatna, Guam 96910
Attorney for Defendant
JOHN W.C. DUENAS

DATED: Mongmong, Guam, June 27, 2008.

/s/ RICHARD P. ARENS



Attorney for Defendant
EUN YOUNG LEE

6