ORIGINAL

EYLeetrialmemo12

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

FILED
DISTRICT COURT OF GUAM

JUN 27 2008 P-D.

JEANNE G. QUINATA
Clerk of Court

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>EUN YOUNG LEE,<br>    aka Eun Young Cho,<br>    aka Ina Lee,<br>MARCELINO J. LASERNA,<br>JOHN W.C. DUENAS,<br>MARY C. GARCIA,<br>JOSEPH PANGELINAN,<br>FRANCISCO SN KAWAMOTO, and<br>MARGARET B. UNTALAN,<br><br>    Defendants. | CRIMINAL CASE NO. 08-00004<br><br>UNITED STATES RESPONSE TO<br>ALLEGED BRADY VIOLATIONS |

    The court has requested briefing on what sanctions should be imposed for violations of Brady v. Maryland, 373 U.S. 83 (1963), concerning three witnesses: Young Min Ko, Young Nam Kim, and Deuk Soon Choi Pereda. In support of its proposal that an appropriate sanction for a Brady violation is to strike a witness' testimony, the court referenced United States v. Ferrusca, 182 F.3d 928 (9th Cir.1999), an unpublished opinion. A volume of cases deal with dismissals with prejudice for Brady violations, and with the reversal of convictions on appeal. The government has been unable to find any published authority for the proposition of striking witnesses testimony.

## I. BRADY REQUIREMENT OF MATERIALITY

Brady v. Maryland requires disclosure of evidence that it both favorable to the accused and "material either to guilt or to punishment." Id. at 87. "A fair analysis of Brady indicates that implicit in the requirement of materiality is a concern that the suppressed evidence might have affected the outcome of the trial." United States v. Agurs, 427 U.S. 97, 104 (1976). "But to reiterate a critical point, the prosecutor will not have violated his constitutional duty of disclosure unless his omission is of sufficient significance to result in the denial of the defendant's right to a fair trial." Id. at 108. Evidence concerning impeachment of a witness is within the Brady rule. To be material, however, it must be evidence so favorable to the accused "that, if disclosed and used effectively, it may make the difference between conviction and acquittal." United States v. Bagley, 473 U.S. 667, 676 (1985).

Bagley concerned a prosecution for narcotics and firearms violations, where two of the chief witnesses against the defendant were private security guards whose reports certified that they were made without any threats or rewards or promises of rewards. In fact, after the trial the defense discovered they had each expected a reward, and ultimately been paid $300 for their work. The defense had specifically asked the government to disclose any inducements offered, and the prosecutor had failed to disclose that the possibility that the witnesses could receive a reward if the government was satisfied with their work. In short, the witnesses had a direct, personal stake in the defendant's conviction. Bagley held that the standard for evaluating whether information was material was "whether there was a reasonable probability that, had the inducement offered by the Government to [the witnesses] been disclosed to the defense, the result of the trial would have been different." Id. at 685. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 1058-59.

Evidence which would have a negligible impact on the determination of guilt or innocence is not Brady material. United States v. Kennedy, 890 F.2d 1056 (9th Cir. 1989). Impeachment evidence is material if the witness' testimony was critical to the defendant's

-2-

conviction, if "the jury's assessment of 'the witness' credibility was crucial to the outcome of the trial." United States v. Shaffer, 789 F.2d 682, 688 (9th Cir. 1986) (where evidence of a key witness' financial benefits was suppressed).

United States v. Brumel-Alvarez, 991 F.2d 1452 (9th Cir. 1993) involved allegations that defendants were operating a huge cocaine smuggling ring, but there was only one main witness against them. The government suppressed the report of DEA agent who was highly critical of the witness and who detailed several instances where the witness had admittedly lied to various federal agents during the course of the investigation. The report also reflected the influence and control the witness had over the investigation. The court held there had been a Brady violation, because had the agent's report been disclosed, there was a reasonable probability that the result of the trial would have been different.

## II. TIME OF DISCLOSING BRADY MATERIALS

"Brady does not necessarily require that the prosecution turn over exculpatory material *before* trial. To escape the Brady sanction, disclosure 'must be made at a time when disclosure would be of value to the accused.'" United States v. Gordon, 844 F.2d 1397, 1403 (9th Cir. 1988), *citing* United States v. Dwvenport, 753 F.2d 1460, 1462 (9th Cir. 1985). In Gordon, the government put on its entire case, rested, and only then disclosed pages from a visitor's log which were arguably material to impeach the testimony of its key witness. The court cited United States v. Shelton, 588 F.3d 1242, 1247 (9th Cir. 1978), which held that delay in Brady disclosure is not reversible unless the delay so prejudices the defendant's preparation of his defense that he was prevented from receiving a fair trial. Gordon held that "the documents were disclosed to the defendants while they were still of substantial value at trial." After the government produced the visitor's log, the district court agreed to allow the defendants to recall the key witness for further cross-examination. The defendants chose to introduce the log instead. "These facts demonstrate that defendants had substantial opportunity to use the documents and to cure any prejudice caused by the delayed disclosure." Gordon, 844 F.2d at 1403.

-3-

## I. YOUNG MIN KO

Ko was arrested February 27, 2008, and agreed to talk to Agent Klocke. One of Ko's friends acted as translator. The FBI 302, attached hereto as Exhibit 1, the only statement pertinent to what happened in the MVD is as follows:

> "When he took the Guam Driver's License photo, that was the only time he saw CHO at the Department of Motor Vehicles. At the time, he did not know CHO. HONG told him not to ask any questions. After he obtained the license, he found out that CHO helped him out to obtain the license."

Counsel for Ina Lee received this FBI 302 the first week in April, 2008, as part of the evidence used in a hearing to revoke Lee's recognizance. The government did not give other counsel a copy of this report because it did not deem Ko's statement to be exculpatory as concerns any of the examiners. Laserna has identified his handwriting at the top of Ko's application. Counsel for Lee impeached Ko through this statement in the 302; no one else asked him questions.

Ko's statement is not Brady material as it concerns the defendant examiners, because it is relevant to whether Ina Lee really met Ko at the MVD and helped him fill out his application. Ko's statement is not Brady material in favor of the defendant examiners, because whatever importance it may have does not arise to the Supreme Court's definition of "material." Ko is not a key witness against the examiners, but one of many witnesses and documents. Regardless whether he met Lee on the date he submitted his application, or whether he ever met her at all, the inconsistency in his 302 could not affect the outcome of the trial concerning the examiners.

As well, there is no dispute that the government disclosed this 302 to the defendants in time to allow the defendant examiners to examine Ko if they wanted to. The fact that none of them chose to ask him any questions illustrates how unimportant his testimony was to their defense.

Brady did not intend to displace the adversary system, "but only to disclose evidence favorable to the accused, that, if suppressed, would deprive the defendant of a fair trial." Bagley, 473 U.S. at 675. "[A] rule that the prosecutor commits error by any failure to disclose evidence

-4-

favorable to the accused, no matter how insignificant, would impose an impossible burden on the prosecutor ..." Id., at FN7. As previously cited to Delaware v. Fensterer, 474 U.S. 15, 21-22 (1985), the defense has been given a full and fair opportunity to expose the infirmities of the witness by cross-examination, "thereby calling to the attention of the fact finder the reasons for giving scant weight to the witness' testimony."

### IV. YOUNG NAM KIM

In response to the court's initial order, the defendants filed a memorandum on June 25, 2008, accusing the government of suborning perjury by remaining "willfully silent" during direct examination, so that the "truth" of Kim's past perjury was only revealed during cross-examination. Defendants had Kim's plea agreement, wherein she said she had not paid money to Lee. On direct examination she testified that in fact she had paid Lee $800. During direct examination, the government referenced Kim's plea agreement and repeatedly asked her what she had told the judge when she pled guilty. She acknowledge she had not told the judge about paying Lee, but offered the excuse she hadn't been asked. Exhibit 1, attached hereto, is the record of those questions.

The court record of Kim's examination are attached hereto as Exhibit 2  According to the government's notes of her cross-examination, Mr. Mantanona established that since Kim was paying Lee, she expected Lee to take care of all the details, and she did little of the application process herself. She admitted to having remembered very little of what occurred in the MVD that day. Mr. Yanza established that her daughter filled out the application, and that Kim could not see what documents, including an ITIN, Lee had in hand. Mr. Arens began his cross-examination at 3:12. The jury recessed from 3:27 to 3:42, whereupon Mr. Arens proceeded with cross-examination, followed by Mr. Smith and Ms. Flores.

Kim acknowledged her plea agreement to Mr. Arens, that she had been under oath, and had an interpreter, but "said yes to everything." She told Mr. Arens she had paid Lee, but they were such close friends, she didn't want to say she had paid, but "then told lying not good," so

-5-

she told the truth. She admitted the facts in the plea agreement were wrong, that she didn't want to say she had paid, but was told not to lie. She knew she had sworn to tell the truth to the judge who took her plea, but she didn't think she would have to testify so she said she hadn't paid Lee.

In response to Mr. Smith, Kim admitted she had lied in her plea agreement. She also acknowledged she did not see who accepted her application, or whether they typed it into the computer.

In response to Ms. Flores, Kim acknowledged the plea agreement, that she had an attorney and an interpreter, that it had been translated to her, but she was not well, she knew she was guilty, so she just said yes because she just wanted to be sent away. She admitted lying to her attorney and said she hadn't paid Lee because she didn't want to hurt her. She acknowledged that her testimony was contradictory but said "I know when I come to witness chair, I have to say what is true."

In short, defendants had a full and fair opportunity to impeach Kim, and did so repeatedly, leaving no stone unturned in the process, until they had run out of questions.

## V. DEUK SOON CHOI PEREDA

At the end of Young Nam Kim's testimony on June 23, in response to defendants' motion to strike her testimony, the government advised the defendants that one more witness, Deuk Soon Choi Pereda, would admit that she had lied in her plea agreement and that in fact she had paid Lee. Pereda was called as a witness on June 24, about 4 p.m. During direct examination, she testified she had paid Lee $500, that she had lied in her plea agreement, lied to her attorney, and lied to the court. (Court notes, Exhibit 3).

On June 25, court resumed at 1:45. During cross-examination by Mr. Arens, Pereda admitted she lied under oath when she entered her guilty plea, and lied to her attorney. She also said she relied on Lee to take care of everything, that she and Lee were at the examiner's window together, and she didn't know what documents were submitted with the application. She was extensively examined by Mr. Arens concerning her illegal status in the country, her illegal

-6-

employment, and her knowledge that getting a license through Lee was illegal as well. She was not examined by any other counsel.

The defendants were on notice that Pereda would also admit lying in her plea agreement, and had a full day and a half in which to prepare for cross-examination, which was extensive and thorough.

## VI. JI YEON CHOI RITTER

Mrs. Ritter's testimony was independent of her mother's. She drove Young Nam Kim to the MVD, met Lee and filled out the application herself. She and Lee went to the window; her mother appears to have remained somewhere, seated. During cross-examination, she testified she did not know her mother had paid Lee for the license. She also testified that she and her mother had met with Mr. Mantanona on June 18 to talk about the case, and she was examined by Mr. Mantanona concerning documents she had seen in his office. There are no allegations that she is in the possession of any exculpatory information, nor are there allegations her testimony was different than her interview with Mr. Mantanona

In summary, the established Ninth Circuit law concerning Brady violations is to provide the defense a full and fair opportunity to cross-examine the witness. Concerning each of these witnesses, the defense had ample time to effectively impeach them, and lost no opportunity to do so.

Respectfully submitted this 27th day of June, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: /s/ Karon V. Johnson
KARON V. JOHNSON
Assistant U.S. Attorney

Q. So what did you do?

A. I just said not me, not me. That's what I -- I said I am very, very sorry, but I insisted, not me, nothing to do with me.

Q. And then what did you do?

A. I was asked to show them my Korean passport, but I didn't want to do it, I didn't want to surrender my passport, so I keep insisting I have nothing to do with it, I keep on denying it.

Q. I'm sorry? Then what happened?

A. And then I didn't know what to do, so I was thinking -- I was so scared to death and I was thinking I'm going to escape, how can I run away from this, that's all I thought of.

Q. So what did you do?

A. My apartment is on the second floor, but I also heard somebody successfully get away jumping down from the third floor, so I was really thinking I'm going to jump down and see if I can get away from this situation.

And if I may, she added, I am very sorry. I am very, very sorry.

Q. Do you have your Guam license, the one that Mrs. Lee helped you get, do you have it now?

A. No, I don't have it. I lost my passport twice, so first time is Korean driver's license, second time my Guam

1  license, so I lost them.
2      Q.   Do you remember when you pled guilty to this
3  offense of unlawfully producing a Guam driver's license?
4      A.   Yes, I do.
5      Q.   Did you tell the truth in your plea agreement?
6      A.   I'm not sure what's all about, but I said yes to
7  all, because I want to close out as quickly as possible, and
8  I want to return to Korea, so I said yes to everything.
9      Q.   Do you remember what you told the judge about how
10 much you had paid Mrs. Lee?
11         MR. YANZA:  Objection, Your Honor, our translator
12 has indicated to us that the translator has put words in the
13 witness's mouth.
14         THE INTERPRETER:  Oh, I'm sorry, I don't even
15 remember, what did I do?
16         MR. YANZA:  Regarding the testimony on returning to
17 Korea, and finishing up so fast that she wants to return to
18 Korea.
19         THE INTERPRETER:  Oh, she did that, she did say, I
20 don't care, I just want to finish.  You can ask her again,
21 but that's what she said.  I did not say it, I'm sorry.  She
22 said I wanted to complete as fast as I can and return to
23 Korea so I said yes to everything.  She did say that.
24         MR. YANZA:  She didn't say to the return to Korea
25 part.

1          THE INTERPRETER:  Oh, she did, you can ask her.
2    Why don't you ask her, because I did not fabricate it, I'm
3    sorry.
4          MS. LUJAN:  I believe that the objection is the
5    interpreter did not interpret the portion that this witness
6    just wanted to finish it up, she did say that, but she didn't
7    say and return to Korea.
8          THE COURT:  That's the objection, Mr. Yanza?
9          MR. YANZA:  Thank you, Your Honor.
10         THE COURT:  Ms. Johnson, why don't you clarify
11   whether -- whether or not the witness stated that.
12         MS. JOHNSON:  It wasn't responsive to my question.
13      Q.  What did you tell the judge when you pled guilty
14   about how this thing that happened?
15      A.  I said I agreed all my -- the crimes, that I
16   accepted the illegal activities I committed.
17      Q.  Do you remember what you told the judge about how
18   much you paid Mrs. Lee?
19      A.  I didn't say how much I paid in front of the judge,
20   I didn't think it was -- it was not asked.
21         MS. JOHNSON:  All right, thank you.
22         Thank you, I have nothing further.
23         THE COURT:  Okay.  Mr. Arens.
24
25

# IN THE DISTRICT COURT OF GUAM
# TERRITORY OF GUAM
# CRIMINAL MINUTES
# TRIAL

CASE NO.: CR-08-00004　　　　　　　　　　DATE: June 23, 2008

HON. FRANCES M. TYDINGCO-GATEWOOD, Chief Judge, Presiding
Law Clerk: None Present　　　　　　　　　Court Reporter: Wanda Miles
Courtroom Deputy: Carmen B. Santos　　　Electronically Recorded: 9:08:02 - 9:34:20
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　9:55:01 - 10:21:44
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　2:12:13 - 3:27:25
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　3:41:54 - 4:52:54

**APPEARANCES:**

| Defendant: | Eun Young Lee | Attorney: | Richard Arens |
|---|---|---|---|
| | Marcelino Laserna | | Mark Smith |
| | John Duenas | | Cynthia Ecube |
| | Mary Garcia | | Leilani Lujan |
| | Joseph Pangelinan | | Louie Yanza |
| | Francisco Kawamoto | | Stephanie Flores |
| | Margaret Untalan | | Rawlen Mantanona |

☑Present ☐Custody ☐Bond ☐P.R.　　　　☑Present ☑Retained ☑FPD ☐CJA
U.S. Attorney: Karon Johnson　　　　　　　U.S. Agent: K. Klocke, FBI
U.S. Probation: None Present
Interpreter: Sung Woo Yoon　　　　　　　　Language: Korean

**PROCEEDINGS: Jury Trial - Day 11**
- Court finds Government in violation of Rule 16 as to Lee, Laserna and Kawamoto. Defense counsel to submit brief re appropriate sanctions.
- Witnesses sworn and examined; exhibits marked and admitted - see attached Exhibit and Witness List, AO Form 187 (and 187a, when applicable).
- Motion to strike testimony of Young Nam Kim taken under advisement. Parties may file appropriate briefs.
- As to testimony of Ms. Ritter, court ordered that an attorney be appointed to represent her.
- Jury Trial (Day 12) continued to: <u>June 24, 2008 at 9:00 AM</u>

NOTES:

Case 1:08-cr-00004　Document 267　Filed 06/23/2008　Page 1 of 2
Case 1:08-cr-00004　Document 284　Filed 06/27/2008　Page 11 of 17

EXHIBIT 2

| PRESIDING JUDGE | | | | | | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
| --- | --- | --- | --- | --- | --- | --- | --- |
| FRANCES M. TYDINGCO-GATEWOOD | | | | | | KARON JOHNSON | RICHARD ARENS, MARK SMITH, CYNTHIA ECUBE, LEILANI LUJAN, LOUIE YANZA, STEPHANIE FLORES, RAWLEN MANTANONA |
| HEARING DATE (S) JUNE 9, 10, 11, 12, 13, 2008 JUNE 16, 17, 18, 19, 20, 2008 JUNE 23, 2008 | | | | | | COURT REPORTER WANDA MILES | COURTROOM DEPUTY CARMEN B. SANTOS |
| JOINT NO. | PLTF NO. | DEF. NO. | DATE OFFERED | DATE IDENTIFIED | DATE ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES | |
| | | | | | | 9:08:08 - Begin Day 11 - June 23, 2008 | |
| | | | | | | 9:10:00 - Discussion as to discovery issue. | |
| | | | | | | Court finds that Government is in violation of Rule 16 as to Lee, Laserna and Kawamoto. As to remedy, government's use of information will be excluded from direct examination ; Laserna and Kawamoto's request for monetary sanctions, court takes issue under advisement. | |
| | | | | | | Discussion as to status of witnesses | |
| | | | | | | 10:18:49 - Jurors seated | |
| | | | | | | 10:20:07 - Jurors excused for lunch | |
| | | | | | | 10:21:44 - Morning recess | |
| | | | | | | 1:35 - 2:09 - Chamber conference re status of witnesses | |
| | | | | | | 2:12:13 - Resume afternoon session | |
| | | | | | | 2:13:27 - Jurors seated | |
| | | | | | | 2:14:51 - Witness **Young Nam Kim**, called and sworn | |
| | | | | | | 2:15:40 - DX by Ms. Johnson | |
| | 50 | | 6/9/08 | 6/23/08 | 6/16/08 6/10/08 | 50-1, 50-2, 502-3, 50-4, 50-5 - MVD file for - Young Nam Kim - offered by Government; Objections made; conditionally admitted 6/10/08, admitted 6/16/08 with objections. (Frank Blaz) | |
| | 11 | | 6/11/08 | 6/23/08 | 6/11/08 | Fraudulent ITIN letter given to Chun by Lee March 29, 2005, offered by Mr. Arens and admitted without objection | |
| | | | | | | 2:53:38 - CX by Mr. Mantanona | |
| | 50 | | 6/9/08 | 6/23/08 | 6/16/08 6/10/08 | 50-1, 50-2, 502-3 - MVD file for - Young Nam Kim - offered by Government; Objections made; conditionally admitted 6/10/08, admitted 6/16/08 with objections. (Frank Blaz) | |
| | | | | | | 3:08:03 - CX by Mr. Yanza | |
| | 11 | | 6/11/08 | 6/23/08 | 6/11/08 | Fraudulent ITIN letter given to Chun by Lee March 29, 2005, offered by Mr. Arens and admitted without objection | |
| | | | | | | 3:12:51 - CX by Mr. Arens | |
| | | Lee-D | | 6/23/08 | | Plea Agreement, Criminal Case No. CR- 06-00086, USA vs. Young Nam Kim, identified by Mr. Arens (Young Nam Kim) | |
| | | | | | | 3:27:25 - 3:41:54 - Afternoon break | |
| | | | | | | 3:42:07 - Jurors seated | |
| | | | | | | 3:43:05 - CX by Mr. Smith | |
| | | | | | | 3:46:04 - CX by Ms. Flores | |
| | | Lee-D | | 6/23/08 | | Plea Agreement, Criminal Case No. CR- 06-00086, USA vs. Young Nam Kim, identified by Mr. Arens (Young Nam Kim) | |
| | | | | | | 4:01:21 - Jurors excused - 10 minute recess | |
| | | | | | | Ms. Flores makes oral motion to strike testimony of Ms. Kim. Court takes matter under advisement; counsel may submit briefs on the matter. | |
| | | | | | | 4:11 - Witness Kim excused | |
| | | | | | | 4:12:54 - Witness **Ji Yeon Choi Ritter**, called and sworn | |
| | | | | | | 4:13:00 - DX by Ms. Johnson | |
| | | | | | | 4:20:00 - Jurors excused for the day; to resume 6/24/08 | |
| | | | | | | Court orders that witness be appointed an attorney. | |
| | | | | | | 4:52:44 - End day 11 | |

Page -19-
Case 1:08-cr-00004   Document 267   Filed 06/23/2008   Page 2 of 2
Case 1:08-cr-00004   Document 284   Filed 06/27/2008   Page 12 of 17

# IN THE DISTRICT COURT OF GUAM
# TERRITORY OF GUAM
# CRIMINAL MINUTES
# TRIAL

| | |
|---|---|
| CASE NO.: CR-08-00004 | DATE: June 24, 2008 |

HON. FRANCES M. TYDINGCO-GATEWOOD, Chief Judge, Presiding
Law Clerk: None Present        Court Reporter: Wanda Miles
Courtroom Deputy: Carmen B. Santos   Electronically Recorded:  9:13:53 - 10:26:33
                                                              10:42:15 - 12:27:16
                                                               2:36:11 -  3:48:55
                                                               4:06:10 -  5:10:21

**APPEARANCES:**

| Defendant: Eun Young Lee | Attorney: Richard Arens |
|---|---|
| Marcelino Laserna | Mark Smith |
| John Duenas | Cynthia Ecube |
| Mary Garcia | Leilani Lujan |
| Joseph Pangelinan | Louie Yanza |
| Francisco Kawamoto | Stephanie Flores |
| Margaret Untalan | Rawlen Mantanona |

☑Present ☐Custody ☐Bond ☐P.R.         ☑Present ☑Retained ☑FPD ☑CJA
U.S. Attorney: Karon Johnson            U.S. Agent: K. Klocke, FBI
U.S. Probation: None Present
Interpreter: Sung Woo Yoon              Language: Korean

**PROCEEDINGS: Jury Trial - Day 12**
- Witnesses sworn and examined; exhibits marked and admitted - see attached Exhibit and Witness List, AO Form 187 (and 187a, when applicable).
- Oral motion of Mr. Yanza to strike the testimony re Ji Eon Lee (Exhibit 48) - granted due to failure to establish a proper foundation and hearsay. Jurors instructed to disregard the testimony.
- Government has a total of approximately 6 remaining witnesses.
- Court urged defense counsel to file a response to Government's Memorandum Concerning Unavailability of a Witness. Responses should be filed, preferably by June 25, 2008, but no later than Thursday morning, June 26, 2008.
- Court stated that the Rule 1006 summary evidence on Exhibit 14 must also be addressed by the parties.
- F. Randall Cunliffe is appointed to represent witness Ji Yeon Choi Ritter.
- Jury Trial (Day 13) continued to: June 25, 2008 at 1:30 PM

NOTES:

Case 1:08-cr-00004    Document 269    Filed 06/24/2008    Page 1 of 3
Case 1:08-cr-00004    Document 284    Filed 06/27/2008    Page 13 of 17
EXHIBIT 3

| PRESIDING JUDGE | | | | | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|---|---|---|---|
| FRANCES M. TYDINGCO-GATEWOOD | | | | | KARON JOHNSON | RICHARD ARENS, MARK SMITH, CYNTHIA ECUBE, LEILANI LUJAN, LOUIE YANZA, STEPHANIE FLORES, RAWLEN MANTANONA |
| HEARING DATE (S) JUNE 9, 10, 11, 12, 13, 2008 JUNE 16, 17, 18, 19, 20, 2008 JUNE 23, 24, 2008 | | | | | COURT REPORTER WANDA MILES | COURTROOM DEPUTY CARMEN B. SANTOS |

| JOINT NO. | PLTF NO. | DEF. NO. | DATE OFFERED | DATE IDENTIFIED | DATE ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|---|
| | | | | | | 9:13:53 - Begin Day 12 - June 24, 2008 |
| | | | | | | 9:46:37 - Jurors seated |
| | | | | | | 9:48:09 - Witness **Myung Sug Kim**, called and sworn |
| | | | | | | 9:49:14 - DX by Ms. Johnson |
| | 35 | | 6/9/08 | 6/24/08 | 6/16/08 6/10/08 | MVD file for - Myung Sug Kim - offered by Government; Objections made; conditionally admitted 6/10/08, admitted 6/16/08 with objections. |
| | 35-5 | | 6/9/08 | 6/24/08 | 6/16/08 6/10/08 | Korean Driver's License of Myung Sug Kim - MVD file for - Myung Sug Kim offered by Government; Objections made; conditionally admitted 6/10/08, admitted 6/16/08 with objections. |
| | 35-3 35-4 | | 6/9/08 | 6/24/08 | 6/16/08 6/10/08 | Translation of Korean Driver's License of Myung Sug Kim - MVD file for - Myung Sug Kim offered by Government; Objections made; conditionally admitted 6/10/08, admitted 6/16/08 with objections. |
| | 11 | | 6/11/08 | 6/24/08 | 6/11/08 | Fraudulent ITIN letter given to Chun by Lee March 29, 2005, offered by Mr. Arens and admitted without objection (Frank Blaz) |
| | | | | | | 10:26:33 - 10:42:15 - Jurors excused- morning break |
| | | | | | | 10:43:26 - CX by Mr. Yanza |
| | 35 | | 6/9/08 | 6/24/08 | 6/16/08 6/10/08 | MVD file for - Myung Sug Kim - offered by Government; Objections made; conditionally admitted 6/10/08, admitted 6/16/08 with objections. |
| | | N | | 6/24/08 | | Plea Agreement of Myung Sug Kim - identified by Mr. Yanza (Myung Sug Kim) |
| | | N p 5:21-25, p 6:1-9 | | 6/24/08 | | Plea Agreement of Myung Sug Kim - identified by Mr. Yanza (Myung Sug Kim) |
| | 11 | | 6/11/08 | 6/24/08 | 6/11/08 | Fraudulent ITIN letter given to Chun by Lee March 29, 2005, offered by Mr. Arens and admitted without objection (Frank Blaz) |
| | | | | | | 11:29:33 - CX by Mr. Smith |
| | | | | | | 11:31:03 - CX by Mr. Arens |
| | | | | | | 11:35:06 - CX by Ms. Lujan |
| | | | | | | 11:36:00 - Witness excused |
| | | | | | | 11:38:48 - Witness **Dong Sik Jung**, called and sworn |
| | | | | | | 11:40:00 - DX by Ms. Johnson |
| | 47 | | 6/9/08 | 6/24/08 | 6/16/08 6/10/08 | MVD file for - Dong Sik Jung - offered by Government; Objections made; conditionally admitted 6/10/08, admitted 6/16/08 with objections. |
| | 48 | | 6/9/08 | 6/24/08 | 6/16/08 6/10/08 | MVD file for - Ji Eon Lee - offered by Government; Objections made; conditionally admitted 6/10/08, admitted 6/16/08 with objections. |
| | | | | | | 12:11:00 - Jurors excused for lunch - return by 2:15 p.m. |
| | | | | | | 12:11:18 - sealed matter |
| | | | | | | 12:27:16 - End morning session |
| | | | | | | 2:36:11 - Resume afternoon session; jurors seated, witness seated; continued DX by Ms. Johnson |
| | | | | | | Oral motion of Mr. Yanza to strike the testimony re Ji Eon Lee (Exhibit 48) - granted due to failure to establish a proper foundation and hearsay. Jurors instructed to disregard the testimony. |
| | 47 | | 6/9/08 | 6/24/08 | 6/16/08 6/10/08 | MVD file for - Dong Sik Jung - offered by Government; Objections made; conditionally admitted 6/10/08, admitted 6/16/08 with objections. |
| | 11 | | 6/11/08 | 6/24/08 | 6/11/08 | Fraudulent ITIN letter given to Chun by Lee March 29, 2005, offered by Mr. Arens and admitted without objection (Frank Blaz) |

| PRESIDING JUDGE | | | | | | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|---|---|---|---|---|
| FRANCES M. TYDINGCO-GATEWOOD | | | | | | KARON JOHNSON | RICHARD ARENS, MARK SMITH, CYNTHIA ECUBE, LEILANI LUJAN, LOUIE YANZA, STEPHANIE FLORES, RAWLEN MANTANONA |
| HEARING DATE (S) JUNE 9, 10, 11, 12, 13, 2008 JUNE 16, 17, 18, 19, 20, 2008 JUNE 23, 24, 2008 | | | | | | COURT REPORTER WANDA MILES | COURTROOM DEPUTY CARMEN B. SANTOS |
| JOINT NO. | PLTF NO. | DEF. NO. | DATE OFFERED | DATE IDENTIFIED | DATE ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES | |
| | | | | | | 2:58:30 - CX by Mr. Arens | |
| | | U-X | | 6/24/08 | | Plea Agreement of Dong Sik Jung, identified by Mr. Arens (Dong Sik Jung) | |
| | 11 | | 6/11/08 | 6/24/08 | 6/11/08 | Fraudulent ITIN letter given to Chun by Lee March 29, 2005, offered by Mr. Arens and admitted without objection (Frank Blaz) | |
| | | | | | | 3:17:35 - CX by Mr. Mantanona | |
| | | U-X | | 6/24/08 | | Plea Agreement of Dong Sik Jung, identified by Mr. Arens (Dong Sik Jung) | |
| | 47-3 47-4 | | 6/9/08 | 6/24/08 | 6/16/08 6/10/08 | MVD file for - Dong Sik Jung - offered by Government; Objections made; conditionally admitted 6/10/08, admitted 6/16/08 with objections. | |
| | | | | | | 3:44:00 - CX by Mr. Yanza | |
| | | | | | | 3:44:47 - CX by Ms. Lujan | |
| | | | | | | 3:46:06 - CX by Mr. Smith | |
| | | | | | | 3:47:07 - Witness excused | |
| | | | | | | 3:47:30 - Jurors excused - 10 minutes recess | |
| | | | | | | 3:48:01 - outside presence of witnesses | |
| | | | | | | 3:48:55 - Recess | |
| | | | | | | 4:06:10 - Resume afternoon session; jurors seated | |
| | | | | | | 4:07:37 - Witness **Deuk Soon Choi Pereda**, called and sworn | |
| | | | | | | 4:08:46 - DX by Ms. Johnson | |
| | 25-1, 25-5, 25-3, 25-4 | | 6/9/08 | 6/24/08 | 6/16/08 6/10/08 | MVD file for - Deuk Soon Choi (Pereda) - offered by Government; Objections made; conditionally admitted 6/10/08, admitted 6/16/08 with objections. | |
| | 11 | | 6/11/08 | 6/24/08 | 6/11/08 | Fraudulent ITIN letter given to Chun by Lee March 29, 2005, offered by Mr. Arens and admitted without objection (Frank Blaz) | |
| | | | | | | 4:32:25 - Jurors excused - instructed to return by 1:15 p.m., 6/25/08 | |
| | | | | | | 4:34:23 - Defense counsel urged by court to file responses to Government's motions | |
| | | | | | | 5:10:21 - End day 12 | |

# IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM
## CRIMINAL MINUTES
## TRIAL

CASE NO.: CR-08-00004　　　　　　　　　　　DATE: June 25, 2008

HON. FRANCES M. TYDINGCO-GATEWOOD, Chief Judge, Presiding
Law Clerk: None Present　　　　　　　　　Court Reporter: Wanda Miles
Courtroom Deputy: Carmen B. Santos　　　Electronically Recorded: 1:43:06 - 3:17:05
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　3:36:26 - 5:11:08

**APPEARANCES:**

Defendant: Eun Young Lee　　　　　　　　Attorney: Richard Arens
　　　　　　Marcelino Laserna　　　　　　　　　　　Mark Smith
　　　　　　John Duenas　　　　　　　　　　　　　　Cynthia Ecube
　　　　　　Mary Garcia　　　　　　　　　　　　　　Leilani Lujan
　　　　　　Joseph Pangelinan　　　　　　　　　　Louie Yanza
　　　　　　Francisco Kawamoto　　　　　　　　　Stephanie Flores
　　　　　　Margaret Untalan　　　　　　　　　　　Rawlen Mantanona

☑Present ☐Custody ☐Bond ☐P.R.　　　☑Present ☑Retained ☑FPD ☑CJA

U.S. Attorney: Karon Johnson　　　　　　U.S. Agent: K. Klocke, FBI
U.S. Probation: None Present
Interpreter: Sung Woo Yoon　　　　　　　Language: Korean

**PROCEEDINGS: Jury Trial - Day 13**

- Witnesses sworn and examined; exhibits marked and admitted - see attached Exhibit and Witness List, AO Form 187 (and 187a, when applicable).
- Court orders the Government to turn over all 302s to defense counsel as it relates to all licensee witnesses.
- Court urges parties to file briefs re field notes and potential Brady violation by 6/26/08.
- Court urges defense counsel to file separate papers on behalf of individual clients as to agent/interviewer/right to confrontation issues by 6/26/08.
- Court finds that based on testimony of Dr. Weis, Agent Kline is unavailable to continue his testimony and that the court will not compel his testimony.
- Jury Trial (Day 14) continued to: June 26, 2008 at 11:00 AM

NOTES:

Case 1:08-cr-00004　Document 279　Filed 06/25/2008　Page 1 of 2
Case 1:08-cr-00004　Document 284　Filed 06/27/2008　Page 16 of 17
EXHIBIT 4

| PRESIDING JUDGE FRANCES M. TYDINGCO-GATEWOOD | | | | | | PLAINTIFF'S ATTORNEY KARON JOHNSON | DEFENDANT'S ATTORNEY RICHARD ARENS, MARK SMITH, CYNTHIA ECUBE, LEILANI LUJAN, LOUIE YANZA, STEPHANIE FLORES, RAWLEN MANTANONA |
|---|---|---|---|---|---|---|---|
| HEARING DATE (S) JUNE 9, 10, 11, 12, 13, 2008 JUNE 16, 17, 18, 19, 20, 2008 JUNE 23, 24, 25, 2008 | | | | | | COURT REPORTER WANDA MILES | COURTROOM DEPUTY CARMEN B. SANTOS |
| JOINT NO. | PLTF NO. | DEF. NO. | DATE OFFERED | DATE IDENTIFIED | DATE ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES | |
| | | | | | | 1:43:06 - Begin Day 13 - June 25, 2008 | |
| | | | | | | 1:45:00 - Witness **Deuk Soon Choi Pereda** seated | |
| | | | | | | Exhibit 14 Summary Chart discussion | |
| | | | | | | 2:07:16 - Jurors seated | |
| | 25 | | 6/9/08 | 6/25/08 | 6/16/08 6/10/08 | MVD file for - Deuk Soon Choi (Pereda) - offered by Government; Objections made; conditionally admitted 6/10/08, admitted 6/16/08 with objections. | |
| | 74 | | | 6/25/08 | | Guam Driver's licenses from arrested persons | |
| | | | | | | 2:17:28 - CX by Mr. Arens | |
| | | Laserna-R | | 6/25/08 | | Plea Agreement of Deuk Soon Choi nka Pereda, identified by Mr. Arens (Deuk Soon Choi Pereda) | |
| | | | | | | 2:47:34 - Re-DX by Ms. Johnson | |
| | | | | | | 2:50:20 - Witness excused | |
| | | | | | | 2:51:49 - Witness **Young Min Ko**, called and sworn | |
| | | | | | | 2:52:27 - DX by Ms. Johnson | |
| | 20 | | 6/9/08 | 6/25/08 | 6/16/08 6/10/08 | MVD file for - Young Min Ko - offered by Government; Objections made; conditionally admitted 6/10/08, admitted 6/16/08 with objections. | |
| | 11 | | 6/11/08 | 6/25/08 | 6/11/08 | Fraudulent ITIN letter given to Chun by Lee March 29, 2005, offered by Mr. Arens and admitted without objection (Frank Blaz) | |
| | 20-7 | | | 6/25/08 | | Guam Driver's License of Young Min Ko - identified by the Government (Young Min Ko) | |
| | | | | | | 3:17:05 - 3:36:26 - afternoon recess | |
| | | | | | | 3:36:46 - Jurors seated | |
| | | | | | | 3:37:39 - Continued DX by Ms. Johnson | |
| | | | | | | 3:58:03 - Jurors excused - discussion as to Brady and Jencks materials | |
| | | | | | | 4:33:30 - Jurors seated | |
| | | | | | | 4:35:19 - Jurors excused - return by 10:45 a.m. 6/26/08; trial to resume at 11:00 a.m. | |
| | | | | | | 4:37:36 - Conference call with Dr. Weis. | |
| | | | | | | Court orders the Government to turn over all 302s to defense counsel as it relates to all licensee witnesses. | |
| | | | | | | Court urges parties to file briefs re field notes and potential Brady violation by 6/26/08. | |
| | | | | | | Court urges defense counsel to file separate papers on behalf of individual clients as to agent/interviewer/right to confrontation issues by 6/26/08. | |
| | | | | | | Court finds that based on testimony of Dr. Weis, Agent Kline is unavailable to continue his testimony and that the court will not compel his testimony. | |
| | | | | | | 5:11:08 - End day 13 - resume 6/26/08 at 11:00 AM | |