EYLeetrialmemo14

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 08-00004 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **UNITED STATES' RESPONSE TO** |
| ) | **PROPOSED JURY INSTRUCTIONS** |
| EUN YOUNG LEE, ) | |
| aka Eun Young Cho, ) | |
| aka Ina Lee, ) | |
| MARCELINO J. LASERNA, ) | |
| JOHN W.C. DUENAS, ) | |
| MARY C. GARCIA, ) | |
| JOSEPH PANGELINAN, ) | |
| FRANCISCO SN KAWAMOTO, and ) | |
| MARGARET B. UNTALAN, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The government notes two concerns about proposed instruction No. 27. The elements of the offense do not require that the defendant <u>knew</u> his production of a driver's license affected interstate or foreign commerce. It only requires that he knowingly produced the document unlawfully. The effect on commerce is a separate element, § 1028(c)(3)(A) and only requires that the act of production affect commerce, not that the defendant knew it would.

Attached hereto are sample jury instructions from other federal offenses: Model Instructions 8.117, 8.158, and 8.35. As in the case of a Hobbs Act robbery, for example, model Instruction 8.117, the government must prove the defendant used the threat of force or fear to obtain property, and that his doing do effected commerce in some way. The government does

1 not have to prove defendant <u>knew</u> his robbery of a pachinko parlor, for example, would affect
2 commerce. <u>United States v. McGrath</u>, 94 F.3d 1237 (9th Cir. 1996) contains a comprehensive
3 review of offenses affecting commerce. For a Hobbs Act robbery, the government had to
4 demonstrate "a nexus between defendant's acts and interstate commerce." <u>Id.</u> at 1240. It went
5 on to hold that the connection need only be *de minimis*.

Second, the proposed instruction limits the scope of the commerce clause to use of the license to travel. The government is concerned this constitutes a comment on the evidence, and also narrows the scope of what Congress intended. Congress provided as follows:

> "The Committee has chosen to limit the jurisdiction to production, transfer or possession that 'is in or affects interstate or foreign commerce' because the Committee intends that a minimal nexus with interstate or foreign commerce be shown.'" H.R. REP. 97-802, 1982 U.S.C.C.A.N. 3519, 3533.

In <u>United States v. Pearce</u>, 65 G.3d 22 (9th Cir. 1995), the defendants were convicted of possessing numerous document-making implements. The jury had requested a further instruction on the term "in or affects interstate commerce." The trial judge had replied in part:

> "...If you find beyond a reasonable doubt that the intended use of the document-making implements affect interstate commerce in an adverse manner, then you may find that the element of 'affect upon interstate commerce' has been satisfied." <u>Id.</u> at 25.

<u>Pearce</u> upheld the instruction, noting that "the language of the statute, as well as the legislative history, indicate that a minimal nexus between a document-making implement and interstate commerce is sufficient to constitute a violation of the statute." <u>Id.</u> at 24. The court cited a similar instruction discussed in <u>United States v. Gros</u>, 824 F.2d 1487, 1494-95 (6th Cir. 1987), where the district court had instructed that the term "in or affects interstate commerce" required only a "minimal nexus with interstate commerce." It went on to state that the minimal nexus requirement was satisfied if the jury found that the defendant "had an intent to do acts which, if complete, would have affected interstate commerce."

In this case, the licensees have testified that they used their driver's licenses to open bank accounts, to obtain utilities for apartments, to drive to work, to obtain cell phones, to purchase

cars, and to allow them to feel more secure about remaining illegally in Guam. Thus, the production of their driver's licenses had a nexus to interstate commerce.

The government proposes the attached instruction for interstate commerce.

Respectfully submitted this  30th  day of June, 2008.

               LEONARDO M. RAPADAS
               United States Attorney
               Districts of Guam and NMI

          By:  /s/ Karon V. Johnson
             KARON V. JOHNSON
             Assistant U.S. Attorney

-3-

INSTRUCTION NO. _____

INSTRUCTION CONCERNING INTERSTATE & FOREIGN COMMERCE

The term "in or affects interstate commerce" required only a minimal nexus with interstate commerce.

The requirement of a minimal nexus is satisfied if the jury found that the defendant had an intent to do acts which, if complete, would have affected interstate commerce.