


Office of the Circuit Executive

# Ninth Circuit Model Criminal Jury Instructions

## 8.117 HOBBS ACT—EXTORTION OR ATTEMPTED EXTORTION BY FORCE (18 U.S.C. ' 1951)

The defendant is charged in [Count _______ of] the indictment with [attempted] extortion by force in violation of Section 1951 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant induced [*victim*] to part with property by the wrongful use of threat of force or fear;

Second, the defendant acted with the intent to obtain the property that the defendant knew [he] [she] was not entitled to receive;

Third, commerce from one state to another [was] [would have been] affected in some way[; and]

[Fourth, the defendant did something that was a substantial step toward committing the crime of extortion by force, with all of you agreeing as to what constituted the substantial step].

[Mere preparation is not a substantial step toward the commission of the crime of extortion by force.]

**Comment**

Only a de minimis effect on interstate commerce is required to establish jurisdiction under the Act and the effect need only be probable or potential, not actual. *United States v. Nelson,* 137 F.3d 1094, 1102 (9th Cir. 1997) (citing *United States v. Atcheson,* 94 F.3d 1237, 1241 (9th Cir. 1996), *cert. denied,* 519 U.S. 1156 (1997) (citations omitted)), *cert. denied,* 119 S. Ct. 232 (1998). *See also United States v. Yankowski,* 184 F.3d 1071 (9th Cir. 1999) (holding that the commission or threat of violence may be a violation of the Hobbs Act as long as it is in furtherance of a plan to impede commerce by extortion or robbery).

"Property" under the Hobbs Act is not limited to tangible things; it includes the right to make business decisions and to solicit business free from coercion. *United States v. Zemek,* 634 F.2d 1159, 1174 (9th Cir.1980), *cert. denied,* 450 U.S. 916 (1981).

*See* Instruction 7.9 (Specific Issue Unanimity).

The bracketed language stating a fourth element applies to attempt to engage in extortion by force.

**Document Download(s)**

| File type: | File(s) for download: Click on the icon(s) below to start download. | Size of file(s): |
|---|---|---|
| WordPerfect | | 4 KBytes |




Office of the Circuit Executive

# Ninth Circuit Model Criminal Jury Instructions

## 8.158 INTERSTATE TRANSPORTATION OF STOLEN PROPERTY (18 U.S.C. ' 2314)

The defendant is charged in [Count _______ of] the indictment with interstate transportation of stolen property in violation of Section 2314 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant [moved] [caused] stolen money or property worth at least $5,000 [to be moved] from one state to another;

Second, at the time the money or property crossed state lines, the defendant knew it was stolen; and

Third, the defendant intended to deprive the owner of the use of the money or property temporarily or permanently.

It is not necessary to prove who stole the money or property.

**Comment**

The government need not show by direct evidence that the property was stolen. *United States v. Drebin,* 557 F.2d 1316, 1328 (9th Cir.1977), *cert. denied,* 436 U.S. 904 (1978).

In *United States v. Albuquerque,* 538 F.2d 277, 278 (9th Cir.1976), it was held that one of the elements of the offense of interstate transportation of a stolen vehicle was that the defendant intended to permanently or temporarily deprive the owner of ownership.

**Document Download(s)**

| File type: | File(s) for download: Click on the icon(s) below to start download. | Size of file(s): |
| --- | --- | --- |
| WordPerfect | 8.158.wpd | 3 KBytes |




Office of the Circuit Executive

# Ninth Circuit Model Criminal Jury Instructions

## 8.35 THEFT FROM INTERSTATE SHIPMENT
## (18 U.S.C. ' 659)

The defendant is charged in [Count __ of] the indictment with theft from an interstate shipment in violation of Section 659 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant stole goods from a shipment in interstate commerce; and

Second, the defendant did so with the intent to deprive the owner of the use or benefit of the goods.

A shipment is in interstate commerce if it begins in one state and moves into another state. It becomes an interstate shipment as soon as it is assembled for interstate movement and remains one until it has been delivered to its destination.

**Document Download(s)**

| File type: | File(s) for download: Click on the icon(s) below to start download. | Size of file(s): |
|---|---|---|
| WordPerfect | 8.35.wpd | 2 KBytes |