**FILED**
DISTRICT COURT OF GUAM

JUL 0 2 2008

JEANNE G. QUINATA
Clerk of Court

# DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>      vs.<br><br>EUN YOUNG LEE,<br>    aka Eun Young Cho<br>    aka Ina Lee,<br>MARCELINO J. LASERNA,<br>JOHN W.C. DUENAS,<br>MARY C. GARCIA,<br>JOSEPH PANGELINAN,<br>FRANCISCO SN<br>KAWAMOTO, and<br>MARGARET B. UNTALAN,<br><br>        Defendants. | Criminal Case No. 08-00004 |

## CLOSING JURY INSTRUCTIONS

Dated: _July 2, 2008_

_[signature]_
District Court Chief Judge
Frances M. Tydingco-Gatewood

## COURT'S INSTRUCTION NO. 1
## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything the court may have said or done as suggesting what verdict you should return -- that is a matter entirely up to you.

# COURT'S INSTRUCTION NO. 2
## CHARGES AGAINST DEFENDANT NOT EVIDENCE-PRESUMPTION
## OF INNOCENCE-BURDEN OF PROOF

The Indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent and do not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of each charge beyond a reasonable doubt.

# COURT'S INSTRUCTION NO. 3
## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

# COURT'S INSTRUCTION NO. 4
## REASONABLE DOUBT - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

# COURT'S INSTRUCTION NO. 5
## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

    (1)    the sworn testimony of any witness;

    (2)    the exhibits which have been received into evidence; and

    (3)    any facts to which all the lawyers have stipulated.

# COURT'S INSTRUCTION NO. 6
# WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# COURT'S INSTRUCTION NO. 7
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# COURT'S INSTRUCTION NO. 8
## JUDICIAL NOTICE

The court has decided to accept as proved the facts that there are Guam laws, Motor Vehicle Division Memoranda and a Guam Attorney General's opinion that govern the issuance of driver's licenses. You may, but are not required to, accept these facts as true.

# COURT'S INSTRUCTION NO. 9
## STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

# COURT'S INSTRUCTION NO. 10
## DISMISSAL OF SOME CHARGES AGAINST DEFENDANT

At the beginning of the trial, the court described the charge against the defendant, JOSEPH PANGELINAN in Count XI, Fraud In Connection with Identification Documents. Since that time, the count has been disposed of and is therefore no longer before you.

The defendant is on trial only for Count IV, Criminal Conspiracy, and Counts XII and XIII, Fraud In Connection with Identification Documents. Evidence presented can only be considered as it relates to those remaining counts.

# COURT'S INSTRUCTION NO. 10A
## STRICKEN OVERT ACTS

At the beginning of the trial, the court described the overt act against the defendant, JOSEPH PANGELINAN in Paragraph 44, Count IV, Criminal Conspiracy. Since that time, the overt act has been disposed of and is therefore no longer before you.

# COURT'S INSTRUCTION NO. 10B
## STRICKEN OVERT ACTS

At the beginning of the trial, the court described the overt act against the defendant, FRANCISCO SN KAWAMOTO in Paragraph 52, Count V, Criminal Conspiracy. Since that time, the overt act has been disposed of and is therefore no longer before you.

# COURT'S INSTRUCTION NO. 11
## DISPOSITION OF CHARGE AGAINST CODEFENDANT

The charges of Fraud Concerning Identification Documents as contained in Counts VII through XXIII of the Indictment, against codefendant EUN YOUNG LEE, aka EUN YOUNG CHO, aka INA LEE are to be disposed of at a later date and are not before you. Do not guess or speculate as to the reason for a separate disposition as to those charges. You must base your verdicts solely on the evidence against the remaining defendants as to those counts.

# COURT'S INSTRUCTION NO. 12
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case and any bias or prejudice;

(5)    whether other evidence contradicted the witness's testimony;

(6)    the reasonableness of the witness's testimony in light of all the evidence; and

(7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

# COURT'S INSTRUCTION NO. 13

## EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether the defendants are guilty or not guilty of the charges in the Indictment. Your determination must be made only from the evidence in the case. The defendants are not on trial for any conduct or offense not charged in the Indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendants, only as they relate to the charges against the defendants.

# COURT'S INSTRUCTION NO. 14
## ACTIVITIES NOT CHARGED

The defendants are on trial only for the crimes charged in the Indictment, not for any other activity or activities.

# COURT'S INSTRUCTION NO. 15
## SEPARATE CONSIDERATION OF MULTIPLE COUNTS-
## MULTIPLE DEFENDANTS

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must consider and decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All of the instructions apply to each defendant, unless a specific instruction states that it applies only to a specific defendant.

## COURT'S INSTRUCTION NO. 16
## JURY TO BE GUIDED BY OFFICIAL ENGLISH
## TRANSLATION/INTERPRETATION

Languages other than English have been used during this trial.

The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning of the non-English words.

## COURT'S INSTRUCTION NO. 17
## STATEMENTS BY DEFENDANT

You have heard testimony that one or more of the defendants made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

# COURT'S INSTRUCTION NO. 18
## IMPEACHMENT EVIDENCE-WITNESS

You have heard evidence that Young Nam Kim and Deuk Soon Choi Pereda, witnesses, lied under oath on prior occasions . You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe these witnesses and how much weight to give to the testimony of those witnesses.

# COURT'S INSTRUCTION NO. 19
## TESTIMONY OF WITNESSES INVOLVING SPECIAL
## CIRCUMSTANCES– ACCOMPLICE

You have heard testimony from Ji Yeom Choi Ritter, a witness who received immunity. That testimony was given in exchange for a promise by the government that the witness will not be prosecuted and that the testimony will not be used in any case against the witness.

For these reasons, in evaluating the particular witness's testimony, you should consider the extent to which or whether the witness's testimony may have been influenced by these factors. In addition, you should examine the witness's testimony with greater caution than that of other witnesses.

# COURT'S INSTRUCTION NO. 19A
## TESTIMONY OF WITNESSES INVOLVING SPECIAL
## CIRCUMSTANCES– ACCOMPLICE

You have heard testimony from Jin Woo Park, Deuk Soon Choi Pereda, Young Min Ko, Kil Ja Lee, Sang Ho Kim, Jung Soo Yang, Yang Nam Kim, Myung Sug Kim, and Dong Sik Jung, witnesses who

> received benefits from the government in connection with this case; and

> pleaded guilty to a crime arising out of the same events for which the defendants are on trial. This guilty plea is not evidence against the defendants, and you may consider it only in determining these witnesses' believability.

For these reasons, in evaluating the particular witness's testimony, you should consider the extent to which or whether the witness's testimony may have been influenced by these factors. In addition, you should examine the witness's testimony with greater caution than that of other witnesses.

# COURT'S INSTRUCTION NO. 19B
## TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES

You have heard testimony from Kwang Ho Park aka Mike Park, a witness who

> received benefits from the government in connection with this case.

For these reasons, in evaluating the particular witness's testimony, you should consider the extent to which or whether the witness's testimony may have been influenced by these factors. In addition, you should examine the witness's testimony with greater caution than that of other witnesses.

# COURT'S INSTRUCTION NO. 19C
## GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS

You have heard testimony from an informant, Kwang Ho Park aka Mike Park, who was involved in the government's investigation in this case. Law enforcement officials are not precluded from engaging in stealth and deception, such as the use of informants and undercover agents, in order to apprehend persons engaged in criminal activities. Undercover agents and informants may properly make use of false names and appearances and may properly assume the roles of members in criminal organizations. The government may utilize a broad range of schemes and ploys to ferret out criminal activity.

# COURT'S INSTRUCTION NO. 20
## SUMMARIES NOT RECEIVED IN EVIDENCE

Certain summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these summaries and determine the facts from the underlying evidence.

# COURT'S INSTRUCTION NO. 21
## CHARTS AND SUMMARIES IN EVIDENCE

A summary has been received into evidence. Summaries are only as good as the underlying supporting material. You should, therefore, give it only such weight as you think the underlying material deserves.

# COURT'S INSTRUCTION NO. 22
## CONSPIRACY-ELEMENTS

The defendants are charged in Counts I, II, III, IV, V, and VI of the Indictment with conspiring to commit the crime of unlawfully producing identification documents in violation of Section 371 of Title 18 of the United States Code. In order for the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about February 4, 2004, and ending on or about March 2005, there was an agreement between two or more persons to commit at least one crime as charged in the Indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it and;

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the Indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the

unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

# COURT'S INSTRUCTION NO. 23
## OVERT ACT

As I previously instructed, in order to sustain its burden of proof under the conspiracy counts of the Indictment, the government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act and that this overt act was performed during the existence or life of the conspiracy and was done to somehow further the goals of the conspiracy or agreement.

The term "overt act" means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement.

# COURT'S INSTRUCTION NO. 24
## MULTIPLE CONSPIRACIES

You must decide whether the conspiracy charged in the Indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

# COURT'S INSTRUCTION NO. 25
## CONSPIRACY-KNOWING OF AND ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendants in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators

   to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were

   involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant

   might get from the conspiracy were probably dependent upon the success of

   the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

# COURT'S INSTRUCTION NO. 26
## UNINDICTED, UNNAMED OR SEPARATELY TRIED CO-CONSPIRATORS

Some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An Indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

# COURT'S INSTRUCTION NO. 27
## FRAUD IN CONNECTION WITH IDENTIFICATION DOCUMENTS

The defendant, MARCELINO J. LASERNA, is charged in Count VII of the indictment with Fraud in Connection with Identification Documents, in violation of Title 18, United States Code, §§ 1028(a)(1), (b)(1)(B), and (c)(3)(A). In order for the defendant, MARCELINO J. LASERNA, to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that on or about March 10, 2004, the defendant knowingly produced more than five identification documents;

Second, that the defendant knowingly did so without lawful authority; and

Third, that the production of the identification document is in or affects interstate or foreign commerce.

The term "produce" includes alter, authenticate, or assemble.

The term "identification document" means a document made or issued by or under the authority of the United States Government, a State, political subdivision of a State, a sponsoring entity of an event designated as a special event of national significance, a foreign government, political subdivision of a foreign government, an international governmental or an international quasi-governmental organization which, when completed with information concerning a particular individual, is a type intended or commonly accepted for the purpose of identification of individuals.

The term "State" includes any territory of the United States.

The term "in or affects interstate commerce" requires only a minimal nexus with interstate commerce.

The requirement of a minimal nexus is satisfied if the jury finds that the defendant had an intent to do acts which, if complete, would have affected

1 | interstate commerce.

# COURT'S INSTRUCTION NO. 28
## FRAUD IN CONNECTION WITH IDENTIFICATION DOCUMENTS

The defendant MARCELINO J. LASERNA is charged in Counts VIII through X of the Indictment with Fraud in Connection with Identification Documents, in violation of Sections 1028(a)(1) and (c)(3)(A) of Title 18 of the United States Code.

The defendant JOSEPH PANGELINAN is charged in Counts XII and XIII of the Indictment with Fraud in Connection with Identification Documents, in violation of Sections 1028(a)(1) and (c)(3)(A) of Title 18 of the United States Code.

The defendant MARGARET B. UNTALAN is charged in Counts XIV and XV of the Indictment with Fraud in Connection with Identification Documents, in violation of Sections 1028(a)(1) and (c)(3)(A) of Title 18 of the United States Code.

The defendant JOHN DUENAS is charged in Counts XVI through XVIII of the Indictment with Fraud in Connection with Identification Documents, in violation of Sections 1028(a)(1) and (c)(3)(A) of Title 18 of the United States Code.

The defendant FRANCISCO SN KAWAMOTO is charged in Counts XIX and XX of the Indictment with Fraud in Connection with Identification Documents, in violation of Sections 1028(a)(1) and (c)(3)(A) of Title 18 of the United States Code.

The defendant MARY C. GARCIA is charged in Counts XXI through XXIII of the Indictment with Fraud in Connection with Identification Documents, in violation of Sections 1028(a)(1) and (c)(3)(A) of Title 18 of the United States Code.

In order for each defendant to be found guilty of these counts, the

government must prove each of the following elements beyond a reasonable doubt:

First, that beginning on or about the dates as alleged in the Indictment for each respective defendant, and ending on or about the dates as alleged in the Indictment for each respective defendant, the respective defendant knowingly produced an identification document, to-wit: Guam driver's license;

Second, that the defendant knowingly did so without lawful authority; and

Third, that the production of the identification document is in or affects interstate or foreign commerce.

The term "produce" includes alter, authenticate, or assemble.

The term "identification document" means a document made or issued by or under the authority of the United States Government, a State, political subdivision of a State, a sponsoring entity of an event designated as a special event of national significance, a foreign government, political subdivision of a foreign government, an international governmental or an international quasi-governmental organization which, when completed with information concerning a particular individual, is a type intended or commonly accepted for the purpose of identification of individuals.

The term "State" includes any territory of the United States.

The term "in or affects interstate commerce" requires only a minimal nexus with interstate commerce.

The requirement of a minimal nexus is satisfied if the jury finds that the defendants had an intent to do acts which, if complete, would have affected interstate commerce.

# COURT'S INSTRUCTION NO. 29
## AIDING AND ABETTING - FRAUD IN CONNECTION WITH
## IDENTIFICATION DOCUMENTS

A defendant may be found guilty of Fraud in Connection with Identification Documents, even if the defendant personally did not commit the act or acts constituting the crimes, but aided and abetted in their commission. To prove a defendant guilty of aiding and abetting any particular crime charged in the Indictment, the government must prove beyond a reasonable doubt:

First, that Fraud in Connection with Identification Documents was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit Fraud in Connection with Identification Documents; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping a person commit Fraud in Connection with Identification Documents.

The government is not required to prove precisely which person actually committed the crime and which person aided and abetted.

# COURT'S INSTRUCTION NO. 30
## KNOWINGLY-DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

# COURT'S INSTRUCTION NO. 31
## DELIBERATE IGNORANCE

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

1. was aware of a high probability that he or she was unlawfully producing a Guam driver's license, and

2. deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that the production of the driver's license was lawful, or if you find that the defendant was simply careless.

# COURT'S INSTRUCTION NO. 32
## DATES

The Indictment charges that the crimes occurred on approximately a certain date or between certain dates. The government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crimes occurred reasonably close to the dates alleged in the Indictment.

# COURT'S INSTRUCTION NO. 33
## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# COURT'S INSTRUCTION NO. 34
## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.

# COURT'S INSTRUCTION NO. 35
## USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

# COURT'S INSTRUCTION NO. 36
## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendants beyond a reasonable doubt.

# COURT'S INSTRUCTION NO. 37

## VERDICT FORM

Verdict forms have been prepared for you. After you have reached unanimous agreement on the verdicts, your foreperson will fill in the forms that have been given to you, sign and date them and advise the court that you are ready to return to the courtroom.

## COURT'S INSTRUCTION NO. 38
## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer or marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on the question of the guilt of the defendants, until after you have reached unanimous verdicts or have been discharged.